```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/18/11
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Application of John Vera Moreno ) | |
| LOUIS MILBURN, et al., ) | **STIPULATION OF** |
| ) | **SETTLEMENT AND** |
| Plaintiffs, ) | **ORDER OF DISMISSAL** |
| ) | |
| v. ) | 79 Civ. 5077 (LAP) |
| ) | |
| THOMAS A. COUGHLIN, III, et al., ) | |
| ) | |
| Defendants. ) | |

WHEREAS, Plaintiff John Vera Moreno ("Plaintiff"), a member of the plaintiff class in the above-captioned action, brought a proceeding for contempt (the "Proceeding") in the United States District Court for the Southern District of New York against Defendants Thomas A. Coughlin, III, Robert Greifinger, Charles Scully, Saundra Johnson, Darly Jeanty and Cheree Lemmerman and their successors ("Defendants"),[1] alleging certain violations of the provisions of the Milburn v. Coughlin Modified Final Judgment dated September 27, 1991 (the "Milburn Judgment");

WHEREAS, defendants responded and denied the allegations that their conduct violated the provisions of the Milburn Judgment;

WHEREAS the Court issued Findings of Fact and Conclusions of Law dated October 15, 2010, and an amendment in part on December 1, 2010;

WHEREAS, the parties wish to resolve all issues alleged in this above-referenced Proceeding and have negotiated in good faith for that purpose;

WHEREAS, none of the parties to the Proceeding is an infant or incompetent person;

---

[1] The individuals named in the Proceeding, Brian Fischer, Dr. Lester N. Wright, Dr. Frederick Bernstein, Dr. Carl J. Koenigsmann, Dr. Hari Chakravorty, Dr. E.J. Licerio and Dr. Chabra Vinot are successors to the original defendants under the Milburn v. Coughlin Modified Final Judgment dated September 27, 1991.

WHEREAS, the parties to this Proceeding wish to discontinue this litigation without the need for further proceedings;

WHEREAS, plaintiff represents and warrants that, he has no other action or proceeding pending in any court, state or federal, arising out of or relating to the subject matter or incidents asserted in this Proceeding;

WHEREAS plaintiff further represents and warrants that he is not a Medicare recipient, has never been on Medicare or Social Security Disability, that no conditional payments have been made by Medicare and that he does not expect to be a Medicare recipient within the next 30 months.

NOW, THEREFORE, IT IS HEREBY STIPULATED and AGREED by and between the undersigned parties and their respective counsels as follows:

1.    This Proceeding is dismissed and discontinued with prejudice;

2.    Defendants shall pay to plaintiff the sum of $199,500, in full satisfaction of any and all claims for relief, damages, all attorneys' fees, costs and disbursements in this Proceeding. The one hundred ninety nine thousand, five hundred dollar ($199,500) check, in payment of the above recited sum, shall be made payable to the plaintiff, JOHN VERA MORENO, and delivered to the plaintiff's attorneys at Jenner & Block LLP, located at 919 Third Avenue, 37th Fl, New York, New York 10022.  Upon receipt thereof, the plaintiff's attorneys shall promptly forward the above-recited amount to plaintiff.  As part of this agreement, plaintiff and his attorneys hereby waive any claim to an award of attorneys' fees and costs under 42 U.S.C §1988.

3.    In consideration of the payment of the sums recited in paragraph #2 above, the plaintiff, JOHN VERA MORENO, hereby releases and discharges each of the defendants and any and all current or former employees or agents of New York State or the New York State

2

Department of Corrections and Community Supervision,[2] in their individual and official capacities, and their heirs, executors, administrators and assigns, and the State of New York and its agencies, including, without limitation, the New York State Department of Corrections and Community Supervision, from any and all claims, liabilities and causes of action relating to, arising out of, or that could have been asserted in this Proceeding, which plaintiff or plaintiff's representatives, heirs or assigns ever had, now has or hereafter shall or may have for, upon, or by reason of any matter, cause or thing whatsoever from the beginning of the world to the date of this stipulation and order.

4.      Without limiting the foregoing, in consideration of the payment of the sum recited in paragraph #2 above, plaintiff, JOHN VERA MORENO, hereby waives, releases and forever discharges defendants and any and all current or former employees of the New York State Department of Corrections and Community Supervision, in his/her/their individual and official capacities, and his/her/their heirs, executors, administrators and assigns, and the State of New York and the New York State Department of Corrections and Community Supervision, from any and all claims, known or unknown, arising out of the plaintiff's Medicare eligibility, if any, for and receipt of Medicare benefits, and/or arising out of the provision of primary payment (or appropriate reimbursement), including causes of action pursuant to 42 U.S.C. §1395y(b)(3)(A) of the Medicare, Medicaid and SCHIP Extension Act of 2007.   Plaintiff agrees to defend, indemnify and hold harmless the defendants and the State of New York regarding any liens or past and/or future Medicare payments, presently known or unknown in connection with this matter.

5.      The parties agree that neither the fact of this Stipulation of Settlement and Order

---

[2] The New York State Department of Corrections and Community Supervision ("DOCCS") was formerly known as the New York State Department of Correctional Services ("DOCS").

3

of Dismissal (hereinafter "Order"), nor any term or provision hereof shall be construed as an admission or acknowledgement of wrongdoing whatsoever by any defendants to this Proceeding, the State of New York, or the New York State Department of Corrections and Community Supervision of the merit or viability of any claims or defenses asserted in this Proceeding, or an admission or acknowledgment of liability by any defendants, the State of New York, or the Department of Corrections and Community Supervision regarding any of the allegations made by plaintiff.

6.      The plaintiff's position is that the earlier mentioned sum of $199,500 is for alleged damages that are on account of physical injuries or physical sickness within the meaning of Section 104(a)(2) of the Internal Revenue Code of 1986, as amended, and that the sum constitutes payment for personal physical injuries or physical sickness allegedly directly caused by physical injuries plaintiff claims to have sustained while he was incarcerated at Green Haven Correctional Facility. Neither the defendants nor any counsel herein makes any representation as to whether payment hereunder is taxable or not, or otherwise expresses any view as to plaintiff's above-stated position.

7.      Payment of the amount recited in paragraph #2 above is subject to the approval of all appropriate New York State officials in accordance with the provisions for indemnification under Section 17 of the New York Public Officers Law. Plaintiff and plaintiff's attorneys agree to execute and deliver to counsel for defendants all necessary or appropriate vouchers and other documents requested with respect to such payment. If applicable, the provisions of Chapter 62 of the Laws of 2001 (relating to crime victims, funds of convicted persons and the Crime Victims Board, now the New York State Office of Victims Services) may affect payments by defendants hereunder.

8.    In the event payments of the amounts recited in paragraph #2 above are not made within one hundred twenty (120) days after the receipt by defendants' counsel of a copy of the fully executed So-ordered Stipulation of Settlement as entered by the Court, interest shall accrue on the outstanding principal balance at the rate set forth in 28 U.S.C. § 1961 beginning on the one hundred twenty-first day after receipt by defendants' counsel of a copy of the fully executed So-ordered Stipulation of Settlement; and plaintiff may move to restore this Proceeding to the Court's docket on not less than thirty (30) days written notice to counsel for defendants. Defendants shall use their best efforts to expedite payments of the amounts recited in paragraph #2 above to plaintiff in less than one hundred twenty (120) days.

9.    This Stipulation of Settlement and any Order entered thereon shall have no precedential value or effect whatsoever and shall not be admissible in any other action or proceeding as evidence or for any other purpose, except in an action or proceeding to enforce this Stipulation of Settlement.

10.    This Stipulation of Settlement and Order of Dismissal with prejudice embodies the entire agreement of the parties in this matter and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Stipulation and Order regarding the subject matter of the instant proceedings, shall bind the parties hereto, or vary the terms and conditions contained herein.

JENNER & BLOCK LLP
Co-counsel for Movant John Vera Moreno
919 Third Avenue, 37th Floor
New York, NY 10022

Dated: 11/7/2011

By: Susan J. Kohlmann
Elizabeth A. Edmondson
(Tel: 212-891-1600)
(Fax: 212-891-1699)

5

NEW YORK LEGAL ASSISTANCE GROUP
<u>Co-counsel for Movant John Vera Moreno</u>
7 Hanover Square
New York, NY 10004

Dated: 11/7/11

By: Danielle F. Tarantolo
(Tel: 212-613-5000)
(Fax: 212-750-0820)

ERIC T. SCHNEIDERMAN
Attorney General of the
  State of New York
<u>Attorney for Defendants</u>
120 Broadway
New York, New York 10271-0332

Dated: 11/10/11

By:   Barbara Demchuk-Maddox
Special Litigation Counsel
Julinda Dawkins
Assistant Attorney General
  <u>Of Counsel</u>
(Tel: 212-416-8627/8118)
(Fax: 212-416-6009/6075)

Dated: 11-4-2011

JOHN VERA MORENO
Plaintiff

## ACKNOWLEDGMENT

On the __ day of ____, 20 11, before me
came_____, known to me or proved to me on the basis of satisfactory
evidence to be the person whose name is subscribed on the within instrument, and acknowledged
to me that he executed the same.

ROSA TURANO
NOTARY PUBLIC
STATE OF NEW JERSEY
MY COMMISSION EXPIRES FEBRUARY 1, 2012

Notary Public

So Ordered:

Dated: 1-18-11

THE HONORABLE LORETTA A. PRESKA
United States District Judge

6