UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
In re Petition of Maurice Bryant    :
------------------------------------X
LOUIS MILBURN,                      :
                                    :      79 Civ. 5077 (LAP)
                    Plaintiff,      :
                                    :      MEMORANDUM & ORDER
        v.                          :
                                    :
THOMAS A. COUGHLIN, III, et al.,    :
                                    :
                    Defendants.     :
------------------------------------X

LORETTA A. PRESKA, Chief United States District Judge:

       On April 27, 2011 Petitioner Maurice Bryant ("Petitioner" or "Bryant") filed a Motion for Sanctions for Contempt of Court (contempt of the September 27, 1991 Modified Final Judgment in this case ("Milburn II")). For the reasons below, Petitioner's motion is denied with prejudice.

I.    Background

    A.    Petitioner's Complaint

       Petitioner claims that he has two carious teeth located near the rear of his mouth ("posterior") for which he has received inadequate medical attention. See generally Petitioner's Affidavit in Support of his Motion for Contempt ("Bryant Aff."). Specifically, Petitioner complains that the policy of the New York State Department of Corrections and Community Supervision ("DOCCS"), which limits endodontic or root canal therapy to "maxillary and mandibular anterior teeth," see

1

Declaration of William Dawson, D.D.S. ("Dawson Decl.") ¶¶ 4, 7, and Ex. A-1 ("DOCCS Policy") (emphasis added), violates the portion of the <u>Milburn II</u> Consent Decree regarding the requirements and standards of dental care at the Green Haven Correctional Facility ("Green Haven"). <u>See</u> Bryant Aff. Petitioner points to ¶IX, Dental Care, section (A), which states in pertinent part that:

> Except for dental emergencies, for which treatment shall be provided without delay, defendants shall maintain a priority system by which patients are scheduled for treatment according to the severity of their dental needs. The priority system shall include the following terms:
>
> 1. Treatment shall begin with seven (7) days of the date in which the patient complains of or is diagnosed as having one or more of the following conditions:
>
> d. One or more teeth that are severely carious if delay in their restoration would lead to extraction.

<u>Milburn II</u> Consent Decree ¶IX, Dental Care, (A)(1)(d) (Dawson Decl. Ex. B).

Petitioner asserts that by declining to perform a root canal on his rear teeth pursuant to the DOCCS Policy, Green Haven is in violation of the <u>Milburn II</u> Consent Decree.

B.   <u>Standard of Review</u>

Where an individual brings a claim for civil contempt of a court order or consent decree, as here, he must prove the alleged noncompliance with clear and convincing evidence.  <u>See</u>

2

U.S. v. N.Y.C. Dist. Council of N.Y.C., 229 Fed. Appx. 14, 18 (2d Cir. 2007) (citing King v. Allied Vision, Ltd., 65 F.3d 1051, 1058 (2d Cir. 1995)). Moreover, a court's inherent power to hold a party in civil contempt should only be exercised when: (1) the order the party allegedly failed to comply with is clear and unambiguous; (2) the proof of noncompliance is clear and convincing; and (3) the party has not diligently attempted in a reasonable manner to comply. Id. (citing New York State Nat'l Org. for Women v. Terry, 886 F.2d 1339, 1351 (2d Cir. 1989)). Courts are not "entitled to expand or contract the agreement of the parties as set forth in the consent decree," Berger v. Heckler, 771 F.2d 1556, 1558 (2d Cir. 1938); courts must narrowly construe the terms of a consent decree and not impose supplementary obligations on the parties. Barcia v. Sitkin, 367 F.3d 87, 106 (2d Cir. 2004) (internal citation omitted). The Court now turns to Petitioner's claim.

II. Discussion

Petitioner's motion is denied because he fails to demonstrate by clear and convincing evidence, as he must, that the Milburn II Consent Decree unambiguously requires the specific treatment requested here or that Green Haven has not diligently attempted in a reasonable manner to comply with the Consent Decree. That the DOCCS Policy denies Petitioner his preferred treatment is insufficient to sustain this claim.

First, the Milburn II Consent Decree does not unambiguously require Green Haven to provide Petitioner with a rear tooth root canal as opposed to alternative treatments. The language to which Petitioner points, ¶IX, Dental Care, (A)(1), sets out a list of medical circumstances as a result of which Green Haven must provide treatment within seven (7) days. Of those circumstances, sub-section (d) describes: "One or more teeth that are severely carious if delay in their restoration would lead to extraction." See Milburn II Consent Decree ¶IX, Dental Care, (A)(1)(d) (Dawson Decl. Ex. B). In other words, where such a condition as described in sub-section (d) exists, as here, Green Haven is required under the Consent Decree to treat the inmate within seven days. It has done so.

The Court cannot agree with Petitioner's implicit reading of this language as requiring Green Haven specifically to administer a root canal within seven days of a carious tooth diagnosis or defining the term "restoration" specifically to refer to a root canal procedure. See Bryant Aff. Indeed, Green Haven appears to regard "restoration" has something closer to the filling of a cavity, noting that Petitioner's dental records show that his two carious teeth were "restored" on May 7 and May 21, 2010, respectively. See, e.g., Defendants Memorandum of Law in Opposition to Plaintiff's Motion for Contempt ("Def. Mem.") at 7; Dawson Decl. ¶ 10 and Ex. C; Petitioner's Reply Affidavit

4

("Bryant Reply Aff.") ¶ 5 (claiming he had cavities filled at these visits). Even if the Court were minimally to credit Petitioner's reading of the language of the Consent Decree, this would only demonstrate an ambiguity rather than the unambiguous mandate to provide the requested treatment that would be required on a motion for civil contempt.

Moreover, Petitioner has failed to demonstrate by clear and convincing evidence that Green Haven has otherwise failed to attempt diligent compliance with the Consent Decree in a reasonable manner. Petitioner makes no complaint, for example, of the timeliness of the services that were provided or offered pursuant to the DOCCS Policy. Defendants detail an extensive course of diagnosis and treatment for the carious teeth in question, including exams and restorations on May 7 and May 21, 2010, further exams on November 29, 2010, January 20 and January 26, 2011, and on May 11, 2011. See, e.g., Def. Mem. at 8-9; Dawson Decl. ¶¶ 10-14. Significantly, once an infection of tooth #13 was identified on November 29, 2010 and Petitioner was informed that extraction would be required at state expense consistent with the DOCCS Policy, Petitioner declined that course of treatment and was instead treated with painkillers and antibiotics. See Def. Mem. at 8; Dawson Decl. ¶¶ 11. Petitioner was again diagnosed with infection and extraction was again recommended for tooth #13 on January 20 and January 26,

5

2011. Def. Mem. at 8-9; Dawson Decl. ¶ 12-13. Twice again Petitioner refused this course of treatment and was treated with painkillers and antibiotics. Def. Mem. at 8-9; Dawson Decl. ¶¶ 12-13. On May 11, 2011, Petitioner was again evaluated, again offered an extraction and partial denture at state expense, and this time also offered a consultation with an outside dental provider at his own expense pursuant to the DOCCS Policy. See Def. Mem. at 9; Dawson Decl. ¶ 14 and Ex. C. Petitioner declined both the recommended treatment at state expense and the outside consultation at his own expense. Id. Although it is clear that Petitioner was not successful in persuading Green Haven to violate its DOCCS Policy and provide him with his preferred treatment at state expense, Petitioner himself behaved unreasonably in rejecting both the state alternative treatments and the outside consultation at his own expense. Under these circumstances, it cannot be said that Petitioner has shown by clear and convincing evidence that Green Haven failed to take reasonable steps to comply diligently with the Milburn II Consent Decree.

The Court need not and does not opine as to whether the existing DOCCS Policy limiting state provision of root canal procedures to "maxillary and mandibular anterior teeth" is ideal. In considering the motion sub judice the Court is mindful of the general prohibition on expanding or contracting

6

the agreement of the parties as set forth in Milburn II and the judicial requirement that such agreements be narrowly construed to avoid Court-imposed supplementary obligations.  See Berger, 771 F.2d at 1558; Barcia, 367 F.3d at 106.  The Court concludes only that Petitioner has failed to demonstrate by clear and convincing evidence that the DOCCS Policy as applied in this case violates the Milburn II Consent Decree.  Finally, the Court has reviewed the additional arguments raised in Petitioner's reply affidavit and finds them to be without merit.

## CONCLUSION

For the foregoing reasons, Petitioner's Motion for Contempt [dkt. no. 363] is denied with prejudice.

SO ORDERED.

Dated: New York, New York
       January 9, 2012

_____
LORETTA A. PRESKA
Chief U.S. District Judge