UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



LOUIS MILBURN, et al.,

               Plaintiffs,

      -against-

THOMAS A. COUGHLIN, III, et al.,

             Defendants.

79 Civ. 5077 (LAP)

ORDER (CORRECTED)

LORETTA A. PRESKA, Senior United States District Judge:

      Plaintiff Samuel Irvin ("Plaintiff"), pro se, brings the instant action, (see Request for Reinstatement of the Milburn Consent Decree ("Recons. Mot."), dated June 20, 2016 [dkt. no. 463]), seeking the Court's reconsideration under Federal Rule of Civil Procedure ("FRCP") 60(b) of its March 4, 2015 order, (see Order, dated Mar. 4, 2015 [dkt. no. 461]), granting Defendants' motion, (see Not. Of Mot. to Terminate the Sept. 27, 1991 Modified Final Judgment, dated Jul. 31, 2014 [dkt. no. 431]), to terminate the 1991 Consent Decree. (See Modified Final Judgment ("the Consent Decree"), dated Sept 27, 1991 [dkt. no. 251].) Defendants, the Commissioner of the New York State Department of Corrections and Community Supervision, and the Superintendent of Green Haven Correctional Facility (collectively, "Defendants") request that the Court deny Plaintiff's motion for reconsideration. (See Defs.' Mem. of Law in Opp. to Non-Party Irvin's Mot.("Opp."), dated July 21, 2016 [dkt. no. 465].) For the following reasons, Plaintiff's motion [dkt. no. 463] is denied.

1

I.    BACKGROUND

On September 25, 1979, inmates at Green Haven Correctional Facility ("Green Haven") brought the underlying action in this case alleging that the provision of health care services at Green Haven violated their constitutional rights. (See Stipulation for Entry of Modified Final Judgment by Consent dated Sept. 27, 1991, Ex. A, at 1 [dkt no. 432].)   The case was certified as a class action in 1980, and the parties entered into a Stipulation for Entry of Final Judgment in 1982 ("1982 Final Judgment"). (See id. at 2.)

On October 6, 1989, the plaintiff class filed a motion for contempt and modification of the 1982 Final Judgment. (See id.) This led to a modification of the 1982 Final Judgment on August 1, 1991. (See id. at 3.)   On September 27, 1991, the parties entered into the Consent Decree at issue here with the Court's approval, incorporating amendments which provided that the Consent Decree superseded the 1982 Final Judgment and its associated Orders. (See id. at 4.)

On July 31, 2014, Defendants moved to terminate the Consent Decree under the standards established by the Prison Litigation Reform Act of 1996 ("PLRA"), 18 U.S.C. §3626 (2012), in civil actions challenging prison conditions. (See Defs.' Mem. of Law in Supp. of Mot. to Terminate the Sept 27, 1991 Modified Final Judgment, dated Jul. 31, 2014 [dkt no. 432], at 5.)   Defendants argued that

termination was required under 18 U.S.C. § 3626(b)(2) because the
Consent Decree was approved in 1991, prior to the enactment of the
PLRA, without any findings of the Court that the relief was narrowly
drawn, extended no further than necessary to correct the violation
of a Federal right, and was the least intrusive means necessary to
correct the violation of a Federal right. (See id.)

Pursuant to 18 U.S.C. § 3626(b)(3), the Court was required
to terminate the Consent Decree unless the Court determined that the
plaintiffs were able to demonstrate that each component of the
prospective relief in the Consent Decree remained necessary to
correct a current and ongoing systemic constitutional deficiency
regarding the provision of health care services to inmates at Green
Haven and that the relief was narrowly drawn and the least intrusive
means necessary to correct the violation. 18 U.S.C. § 3626(b)(3).

Plaintiffs initially opposed the Defendants' motion for
termination of the Consent Decree and cross-moved to modify the
Consent Decree instead. (See Pls.' Mem. of Law in Opp. to Defs.' Mot.
to Terminate the Sept. 27, 1991 Modified final judgment, dated Sept.
15, 2014 [dkt no. 445].) On March 2, 2015, however, Plaintiffs
withdrew their opposition to the termination of the Consent Decree
as well as their cross-motion. (See Pls.' ltr., dated Mar. 2, 2015
[dkt no. 460].) The Court accepted Plaintiffs' withdrawal and then

granted the Defendants' motion to terminate the Consent Decree. (See Order, dated March 4, 2015 [dkt no. 461].)

Plaintiff here, Mr. Samuel Irvin, is an inmate in the Green Haven Correctional Facility and resides in the Unit for the Physically Disabled there.  (See Recons. Mot. at 5).  Unsatisfied with the level of medical care in the Unit for the Physically Disabled at Green Haven, on June 20, 2016, Plaintiff filed a motion for reconsideration of the Court's order terminating the Consent Decree pursuant to FRCP 60(b). (See id.)  Defendants, the Commissioner of the New York State Department of Corrections and Community Supervision, and the Superintendent of Green Haven Correctional Facility (collectively, "Defendants") then submitted papers opposing reconsideration. (See Opp.)

## II.   LEGAL STANDARD

Because of the strong interest in finality of judgments, "Rule 60(b) motions are disfavored." Empresa Cubana del Tabaco v. General Cigar Co., 385 Fed. Appx. 29, 31 (2d Cir. 2010) (summary order) (collecting cases). "Generally, courts require that the evidence in support of the motion to vacate a final judgment [under Fed. R. Civ. P. 60(b)] be highly convincing, that a party show good cause for the failure to act sooner, and that no undue hardship be imposed on other parties." Kotlicky v. United States Fidelity &

4

Guar. Co., 817 F.2d 6, 9 (2d Cir. 1987) (citations omitted). Further, "[r]ecognizing Rule 60(b)(6)'s potentially sweeping reach, courts require the party seeking to avail itself of the Rule to demonstrate that 'extraordinary circumstances' warrant relief." Stevens v. Miller, 676 F.3d 62, 67 (2d Cir. 2012).

III. DISCUSSION

a. Standing

The Court must first determine whether Mr. Irvin has standing to bring a Rule 60(b) motion to reinstate the Milburn consent decree. Under FRCP 60(b), a motion to reopen a final judgment may only be brought by "a party or its legal representative." Fed. R. Civ. P. 60(b). Absent class members are not considered parties for the purposes of Rule 60(b). See Federman v. Artzt, 339 Fed.Appx. 31, 33 (2d Cir. 2009) (finding absent class member shareholders who moved for 60(b) relief were not parties for purposes of 60(b)) citing In re Four Seasons Secs. Laws Litig., 525 F.2d 500, 504 (10th Cir. 1975) (holding absent class member who "took no action to more closely identify himself with the court proceedings in any way" was not a party under Rule 60(b)); see also Alba Conte, Herbert B. Newberg, William Rubenstein, Newberg on Class Actions § 18:40 (5th ed. 2016) ("[A]ll the circuits that have considered the issue have taken the position that absent class members are generally not authorized to file Rule 60 motions") (emphasis in original).

5

Mr. Irvin is not one of the named plaintiffs in the underlying Milburn suit. (See Not. Of Mot. For Class Certification and Not. To the Class, dated Apr. 25, 1980 [dkt. no. 15]; see also Decl. in Supp. Of Intervention, dated Feb. 18, 1980 [dkt. no. 12].) Mr. Irvin purports nonetheless to be a longtime inmate at the Green Haven Correctional Facility. (See Reply, dated Aug. 19, 2016 [dkt. No. 466], at 1). As such, Mr. Irvin is, at most, an absent class member of the former Milburn class. Because Mr. Irvin is an absent class member, he is not a party under 60(b). See Federman v. Artzt, 339 Fed.Appx. 31, 33 (2d Cir. 2009).

In addition, Mr. Irvin is not the legal representative under 60(b) of the Milburn class notwithstanding his suggestions to that end in his motion. It is well established that "a pro se class representative cannot adequately represent the interests of other class members." 5 James Wm. Moore et al., Moore's Federal Practice § 23.25[4][c][v] (3d ed. 2003); see also Iannaccone v. Law, 142 F.3d 553, 558 (2d Cir. 1998) ("because pro se means to appear for one's self, a person may not appear on another person's behalf in the other's cause").

Finally, the Court of Appeals has created an "exceedingly narrow exception to the well-established rule that litigants, who were neither a party, nor a party's legal representative to a judgment, lack standing to question a judgment under Rule 60(b)."

6

Grace v. Bank Leumi Trust Co. of N.Y., 443 F.3d 180, 189 (2d Cir. 2006); see also Secretary's Dunlop v. Pan American World Airways, Inc., 672 F.2d 1044, 1052 (2d Cir. 1982).  In both Grace and Dunlop, the Court explicitly limited its holdings to the facts of these two cases. See Grace, 443 F.3d at 189; see also Dunlop, 672 F.2d at 1052. Furthermore, the Court of Appeals has recently reaffirmed the extremely circumscribed nature of this exception. See Baker v. Gates, 638 Fed. Appx. 25, 29 (2d Cir. 2015)("[t]hese extensions of Rule 60(b) are so factually cabined that we have summarily refused to construe Dunlop or Grace to reach more broadly").  Here, nothing is "sufficiently extraordinary," see Baker, 638 Fed.Appx. at 29, to warrant the extension of the Dunlop/Grace exception to the facts of this case.  Thus, Mr. Irvin does not qualify for nonparty standing to bring a 60(b) motion.

Because Mr. Irvin is not a party under 60(b) or a legal representative of the Plaintiff class in this case, and does not qualify for nonparty standing under the limited Dunlop/Grace exception, he does not have standing to bring a 60(b) motion seeking reinstatement of the Milburn consent decree.   Accordingly, his motion is denied on these grounds.

7

b. _Timeliness_

Even if Mr. Irvin had standing to bring his 60(b) motion, the Court would nonetheless deny it because it is untimely. The Court construes Mr. Irvin's motion as seeking relief under both FRCP 60(b)(1) and (3). Though Mr. Irvin argues for relief under Rule 60(b)(6), which is the residual provision of Rule 60(b), _see_ Fed R. Civ. P. 60(b)(6)(allowing a court to grant a motion for reconsideration upon "any other reason that justifies relief"), FRCP 60(b)(1) (mistake or suprise) and FRCP 60(b)(3) (fraud or misrepresentation by opposing party) are the provisions applicable to the bases for relief he cites in his motion. The Court will consider Mr. Irvin's motion under FRCP 60(b)(1) and 60(b)(3), not under Rule 60(b)(6) because 60(b)(6) "is applicable only where the more specific provisions [of Rule 60(b)] do not apply." _PRC Harris, Inc._ v. _Boeing Co._, 700 F. 2d. 894, 898 (2d Cir. 1983); _see also_ _Liljeberg_ v. _Health Servs. Acquisition Corp._, 486 U.S. 847, 863 n. 11 (1988) ("Clause 6 and clauses (1) through (5) [of Rule 60(b)] are mutually exclusive").

Importantly, different limitations periods apply to motions under Rule 60(b)(1)-(3) on the one hand, and Rule 60(b)(6), on the other. _See_ Fed. R. Civ. P. 60(c)(1). Motions under Rule 60(b)(1)-(3) are to be filed "no more than a year after the entry of the judgment or order or the date of the proceeding." _Id._ This

8

one-year limitations period is "absolute." Warren v. Garvin, 219 F.3d 111, 114 (2d Cir. 2000) (quoting 12 Moore et al., Moore's Federal Practice § 60.65[2][a]). Alternatively, motions under Rule 60(b)(6) must be made only within "a reasonable time." Id.

The judgment terminating the Milburn consent decree was entered on March 9, 2015. (See Clerk's Judgment, dated Mar. 9, 2015 [dkt. no. 462].) Mr. Irvin's motion was signed on May 24, 2016 and filed on June 20, 2016. (See Recons. Mot. at 27.) Both of those dates are over a year after the judgment was entered. Thus, Mr. Irvin's motion is untimely, and accordingly would be denied on these grounds even if he had standing in this case.

c. Merits of the Motion

Lastly, even if Mr. Irvin's motion were proper under Rule 60(b)(6) and made in a reasonable time, the Court would still deny his motion because Mr. Irvin has not shown "extraordinary circumstances," Fed. R. Civ. P. 60(b)(6), that warrant setting aside the Court's judgment terminating the Consent Decree. It may be the case that Mr. Irvin and other inmates in the Green Haven UPD have been inconvenienced by the reorganization of the medical staff and procedures at the Green Haven Facility. For example, it is possible that the elimination of the overnight and morning nurses, (Recons. Mot. at 11), as well as the elimination of emergency call buttons in the UPD, (Recons. Mot. at 3), have led to a lesser overall quality

9

of medical care.  Without more, however, Mr. Irvin's allegations about the level of medical care in the UPD do not rise to the level of "extraordinary circumstances" that justify granting a Rule 60(b) motion to reinstate the Milburn consent decree.

Conclusion

For the reasons stated above, Mr. Irvin's motion to reinstate the Milburn consent decree [dkt. no. 463] is denied. SO ORDERED.

Dated:    New York, New York
          March 31, 2017

          _____
          LORETTA A. PRESKA
          Senior United States District Judge