

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

| | |
|---|---|
| LETITIA JAMES<br>ATTORNEY GENERAL | DIVISION OF STATE COUNSEL<br>LITIGATION BUREAU |

Writer's Direct Dial: (212) 416-6557

February 11, 2020

**BY ECF**
Hon. Loretta A. Preska
United States District Judge
Southern District of New York
500 Pearl Street, Room 2220
New York, NY 10007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2-24-2020
```

RE: *Milburn v. Coughlin*, No. 79 Civ. 5077 (LAP)

Dear Judge Preska:

This Office represents defendants in the captioned action, and we write, pursuant to the suggestion of the Court, and in perhaps an abundance of caution, to respectfully request that the Court enter an Order clarifying that the So Ordered Stipulation for Entry of Modified Final Judgment by Consent dated September 27, 1991 (the "Consent Decree") is stayed absent further Order from the Court.

The grounds for this request are that it would effectively be impossible to reinstate the terms of the Consent Decree at this point because Defendants, in reliance upon class counsel having withdrawn their opposition to Defendants' Motion to Terminate, the Court's grant of the motion terminating the Consent Decree and the entry of Judgment accordingly, made substantial changes to the procedures, physical plant, and staffing concerning the provision of medical care to inmates at Green Haven Correctional Facility. These changes constitute improvements to the quality and efficiency of such medical care, and certainly meet constitutional standards, but they were not designed to comply with the terms of the Consent Decree, which had been terminated by the Court on March 4, 2015. (Docket Nos. 461, 462). In any event, although the Court need not reach this issue, it appears that a stay is currently in effect under the Prison Litigation Reform Act. Defendants moved to terminate the Consent Decree on July 31, 2014, and the filing of that motion automatically stayed the Consent Decree 30 days later, on August 31, 2014. *See* 18 U.S.C. § 3626(e)(2)(A)(i). The stay was, of course, mooted by the Court's judgment granting defendants' motion to terminate, but the Second Circuit ruled that the judgment that lifted the stay was void because the class did not have proper representation at the time of termination. It thus appears that

SO ORDERED

*Loretta A. Preska*     2/24/20
LORETTA A. PRESKA
UNITED STATES DISTRICT JUDGE

a stay currently remains in place, and the termination motion is again pending, by operation of law.[1]

As represented by counsel of record for the plaintiff class at the court conference of February 5, 2020, and as I have confirmed with them, they take no position on this application at this time. They have advised me this is because no new class representatives have yet been substituted, and in light of their pending request to be allowed to file a motion to withdraw as class counsel.

Respectfully,
/s/
Daniel Schulze
Assistant Attorney General
Daniel.schulze@ag.ny.gov

cc. Plaintiffs' Counsel of Record (by ecf)

---

[1] Similarly, even if the mooted stay was instead treated as lifted by operation of law upon the Order deciding the motion to terminate, *see* 18 U.S.C. § 3626(e)(2)(B), the Circuit's holding that the Order was void would then have similarly automatically reinstated it.

28 LIBERTY STREET, NEW YORK N.Y. 10009 • PHONE (212) 416-8610 • FAX (212) 416-6075 *NOT FOR SERVICE OF PAPERS
HTTP://WWW.AG.NY.GOV