# LAW OFFICE OF AMY JANE AGNEW

Honorable Loretta A. Preska
Senior Justice, United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

September 4, 2021

**VIA ECF**

Re:   *Milburn v. Dogin, et al.*, 79-cv-5077
       So Ordered Subpoena

Dear Judge Preska:

    Class Counsel writes to respectfully request a So Ordered Subpoena to produce documents directed to the New York State Commission on Correction Medical Review Board. Through FOIL requests, this office received a number of Final Reports regarding the deaths of patients in the care and custody of Green Haven Correctional Facility ("Green Haven") between 2015 and present. (Exhibit 1.) As the Court can see, the reports are heavily redacted. The Commission FOIL officer has indicated the reasons for the redactions pursuant to state law in her response letter. (Exhibit 2.) Class counsel seeks not only unredacted versions of the reports but also some of the underlying information gathered to craft the reports, including the statements made by medical staff at Green Haven when interviewed by the Medical Review Board members. Class Counsel has also requested records related to the recent deaths of four (4) patients for whom Death Reports have not yet been issued.

    These reports and the underlying materials offer critical information related to the standard of care and deficiencies in Green Haven's medical delivery system since the Consent Order was terminated in 2015 – the issues at the very heart of this case. Sadly, even the unredacted portions of the reports mimic the very concerns voiced by members of the Class over the past two years to Class Counsel and repeatedly seen in the medical records of Class Members. For instance, even in these limited and highly redacted reports, it is clear: "there was an unacceptable delay in scheduling a physician appointment" (Exhibit 1 at MRB FOIL 4), "there was an unacceptable delay in obtaining an electrocardiogram" (*Ibid*), "there was a delay in Brown's diagnostic testing" (*Id*. at MRB FOIL11), "persistent pattern of missed or delayed diagnostic testing" (*Ibid*), "there was inadequate follow-up by the medical provider" (*Id.* at MRB FOIL 12), "delay in scheduling pacemaker battery replacement" (*Ibid*), "inadequate nursing assessment" (*Ibid*), "RN failed to complete a problem oriented assessment" (*Id.* at MRB FOIL 13), "had Brown been evaluated by a physician, properly diagnosed, and referred to a hospital for treatment in a timely manner his immediate death would have been prevented" (*Id.* at MRB FOIL 14), "repeated failure by OMH

---

clinical staff to properly update the CRSA when indicated necessary due to sentinel events" (*Id.* at MRB FOIL 21), "significant delays in Cotsifas' medical treatment" (*Id.* at MRB FOIL 22), "monitoring document … prior to EMS's arrival was not indicative of proper monitoring of an unstable patient in medical crisis" (*Ibid*), "had Cotsifas received proper medical intervention and monitoring, his death may have been preventable" (*Id.* at MRB FOIL 24), "death had exceeded more than two hours when he was discovered" (*Id.* at MRB FOIL 40), "constellation of these failures allowed for the continued deterioration of Griffin's neurological status for seven days that went undiagnosed and untreated and resulted in his death which otherwise may have been prevented" (*Id.* at MRB FOIL 44), "medical provider failed to order an assessment" (*Id.* at MRB FOIL 46), "24 hour delay of medication for hypertension in a facility with an onsite pharmacy is unacceptable" (*Id.* at MRB FOIL 48), "continued failure of the medical staff to recognize and take appropriate action for a neurological emergency" (*Id.* at MRB FOIL 49), "numerous failures of the medical staff to provide adequate care, treatment, and follow up … prior to his terminal event" (*Id*. at MRB FOIL 54), "six-week delay in obtaining basic diagnostic studies such as an EKG is excessive and does not comport with acceptable community standards" (*Id*. at MRB FOIL 55), "three-month delay in completing a provider follow up with an abnormal CAT scan was not acceptable" (*Id*. at MRB FOIL 57), "had developed significant lung disease that went undiagnosed and [un]managed prior to his death" (*Id*. at MRB FOIL 63), "the medical care provided to Lashen was deficient and substandard" (*Id*. at MRB FOIL 70), "had Lashen been evaluated at a hospital in a timely manner, his terminal condition could have been diagnosed and surgically corrected" (*Id.* at MRB FOIL 74), "raises the possibility that falsification of the patient medical chart occurred" (*Id*. at MRB FOIL 75), "extensive history of hypertension which was inadequately monitored and treated by medical staff at Green Haven" (*Id*. at MRB FOIL 78), "gross departure from standards of care to properly assess and manage a patient" (*Id*. at MRB FOIL 79), "lack of adequate hypertension management plan and intervention … was contributory to his continued development of cardiovascular disease and ultimately his death" (*Id*. at MRB FOIL 83), "25-minute delay in EMS activation for a patient in cardiac arrest was not acceptable" (*Id*. at MRB FOIL 92), "Medical Review Board has identified these issues in repeated matters they have examined" (*Id*. at MRB FOIL 109), "lack of ordered follow-up or monitoring of a patient" (*Id*. at MRB FOIL 114), and "an ECG should have been completed on an inmate with unresolved complaints of chest pain" (*Id*. at MRB FOIL 127).

     Class counsel seeks the so ordered subpoena to 1) guarantee the responsiveness of the Commission of Correction; 2) streamline any objections or motions to quash or modify the subpoena; and 3) ensure that any motions related thereto will be transferred or heard before this Court and not in the Northern District of New York.[1] Class counsel has faith that the subpoenas

---

[1] Class counsel in this office enjoys a robust practice in the courts of the NDNY but notes that in at least one instance a hearing on a motion to quash a subpoena issued from this office to an

are proper and aim to secure relevant and critical information that cannot be had through another source. See Wyatt v. Kozlowski, 19-cv-159W(LGF) 2019 U.S. Dist. LEXIS 133785 (S.D.N.Y. Aug. 8, 2019).  I have attached a proposed subpoena and can make any amendments as the Court deems necessary. (Exhibit 3.)

With our thanks for the Court's continuing courtesies.

Very truly yours,

*/s/ AJ Agnew*

Amy Jane Agnew, Esq.

```
Defendants shall file any opposition to this
request no later than September 10, 2021.
Class counsel may reply no later than
September 14, 2021.

SO ORDERED.

Dated:     September 7, 2021
           New York New York
```

_____
LORETTA A. PRESKA, U.S.D.J.

cc:     Counsel of Record (VIA ECF)

---

agency located in the NDNY was not calendared in the NDNY until after the trial in the underlying SDNY matter had occurred.  In this case, time is of the essence.