UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LOUIS MILBURN, ET AL.,<br><br>                              Plaintiffs,<br><br>           v.<br><br>THOMAS A. COUGHLIN III, ET AL.<br><br>                              Defendants | No. 79-cv-5077 (LAP)<br><br>**HIPAA QUALIFIED PROTECTIVE ORDER FOR MATERIALS PRODUCED BY DEFENDANTS** |

LORETTA A. PRESKA, United States District Judge:

**WHEREAS**, Plaintiffs' counsel have requested that Defendants, through the New York State Department of Corrections and Community Supervision ("DOCCS"), produce documents relating, inter alia, to the medical conditions and treatment of current and former members of the Plaintiff Class, including deceased members;

**WHEREAS**, Defendants object to the provision of the requested documents without duly executed authorizations from each of these current and former class members or their heirs consenting to the release of this information;

**WHEREAS**, Plaintiffs' counsel assert that this information is necessary to their opposition of the pending motion to terminate the Consent Decree and otherwise to the litigation of their claims in this action and while they have produced HIPAA releases for over 90 current class members, it is not practicable to obtain a release authorizing the disclosure of such information from each current and former

1

class member, or the lawful heirs of a deceased class member, in a reasonable time frame. Plaintiffs therefore request that the Court enter an Order authorizing DOCCS to disclose the requested information; and

**WHEREAS**, the Court has balanced the privacy rights of these current and former class members' medical information under both Federal and State law; Plaintiffs' need for discovery of this information in this litigation; that the application for an Order authorizing disclosure of confidential medical/mental health/HIV information is being made by counsel for the Plaintiff Class; and that this Order includes provisions providing that the information shall be held in strictest confidence and used only for purposes of this litigation; and has concluded that such an Order is warranted; therefore, the Court finds that the interests of justice outweigh the need for confidentiality, and

IT IS HEREBY ORDERED THAT:

1. Notwithstanding any provision of Federal or State law or regulation concerning the confidentiality of medical records, including without limitation the Health Information Portability and Accountability Act of 1966 ("HIPAA"), 110 Stat. 1936 (August 21, 1996), the New York State Public Health Law, and DOCCS' regulations concerning disclosure of inmates' medical information, and as provided by 45 C.F.R. § 164.512(e) *et seq.*, Defendants, through DOCCS, may disclose in this litigation any records, documents or information they maintain pertaining to the medical/mental health/HIV status of the current and former class members identified by Plaintiffs' counsel for the Plaintiffs' use in this litigation, to the extent such

information constitutes Protected Health Information held by a Covered Entity, as those terms are defined in 45 C.F.R. § 160.103.

2. All documents and/or information produced pursuant to this Order shall be deemed "Confidential Material", including testimony about these documents and information and any copies or summaries of such information shall be treated as confidential, used solely for purposes of this litigation, and not disclosed except to the extent provided in this Order or as otherwise subsequently ordered by the Court.

3. Any deposition testimony discussing or disclosing Confidential Material shall be treated as confidential.

4. Access to the Confidential Material shall be limited to:

   a. Attorneys for the parties;

   b. Defendants;

   c. Employees, vendors and independent contracts of the respective attorneys for the parties who have direct functional responsibility for the litigation of this action;

   d. The parties' respective experts and consultants, to the extent deemed necessary to the conduct of this litigation by the respective attorneys for the parties;

   e. Individual employees or independent contractors of DOCCS, to the extent that such individual employees or contractors would have access to the documents as part of their employment with DOCCS in the ordinary course of business;

3

   f. Court reporters, to the extent deemed necessary for the conduct of this litigation by the Court or jointly by the respective attorneys for the parties; and

   g. The Court

 5. The designating party shall label "CONFIDENTIAL – HEALTH RECORDS" on each page of such documents. This label is a matter of convenience only, the documents shall be treated as confidential even if they were inadvertently or unintentionally not so labeled.

 6. Under no circumstances may Confidential Material be accessed or shared with any individual currently or formerly in DOCCS custody, including current and former members of the Plaintiff Class, except those documents from a prisoner's own medical record may be shared with that individual.

 7. Notwithstanding the foregoing, Confidential Material may be disclosed in response to a subpoena or other legal process, if required by law to be disclosed. The party receiving the subpoena or other legal process, shall notify opposing counsel within 10 business days of receipt in order to give opposing counsel opportunity to seek a protective order against such subpoena or other legal process.

 8. Except as consented to in writing by DOCCS, or ordered by the Court, and notwithstanding any other term or provision contained in this Order, Confidential Material shall not be released or disclosed in any manner to any

person(s) other than those specified herein.

9. No person receiving Confidential Material pursuant to this Order shall disclose or otherwise reveal the information contained within such Confidential Material in any manner or form, written, electronic, or oral, to or with any person who is not entitled to receive such Confidential Material pursuant to this Order.

10. If any party seeks to file with the Court copies of Confidential Material, or papers that disclose Confidential Material obtained from such documents, the party shall redact such Confidential Material from the submission filed in the public file, but will provide an unredacted complete courtesy copy to the Court with a request that the courtesy copy not be included in the public file. If redaction of only the Confidential Material as set out above would be both impracticable and ineffective in terms of protecting the privacy interests involved and likely to be unduly burdensome for the Court, the filing party may, upon seven days' notice to all parties, afford an opportunity for review of the material as to which a sealing order is proposed, request an order from the Court directing the sealing of the Confidential Material, or seek further relief from the Court, provided, however, that any delay in filing occasioned by the need for such a court order shall not result in a default by any party or otherwise prejudice the party's rights.

11. Unless otherwise provided in the Local Rules or order of the Court, when filing court papers under seal, such papers or documents shall be filed only in sealed envelopes on which shall be endorsed the caption and Civil Action number of this action and a statement substantially in the following form:

> This envelope contains Confidential Material. The envelope shall not be opened nor the contents therein displayed or revealed, other than to the Court, except by order of the Court.

12. Notwithstanding the foregoing, Confidential Material may be used publicly in this lawsuit if the individual or an heir-at-law as defined by NYS Powers and Trusts Law § 4-1.1 signs a release authorizing DOCCS to disclose the Protected Health Information in conformance with HIPAA, the New York State Public Health Law and DOCCS' regulations, and authorizing the public use of such information in this lawsuit. Any party that obtains releases shall provide opposing counsel with copies of such releases within two business days of receipt.

13. If a Party intends to use or elicit testimony concerning Confidential Material at trial or in open court on any occasion in a manner that will disclose the Confidential Material, the Party intending to so use Confidential Material shall take all steps reasonably required to protect the Confidential Material's confidentiality during such use. Subject to any contrary directive from the Court, such party will notify the producing party of his or her intent to introduce Confidential Material and give that party an opportunity to request that the Court seal the transcript or close the courtroom. Nothing herein shall preclude a party from offering Confidential Material into evidence or otherwise alter its trial strategy. Nothing contained herein shall be deemed to restrict the Court's handling of Confidential Material or to cause a Party to be in breach of this Order when acting in compliance with an order or direction of the Court.

14. Confidential Material produced pursuant to the terms of this Order

6

shall be used by the receiving party solely for the purposes of this litigation, including any appeals thereof.

15. Sealed records which have been filed with the Clerk shall be removed by the party submitting them (1) within 90 days after a final decision is rendered if no appeal is taken, or (2) if an appeal is taken, within 30 days after final disposition of the appeal, or (3) within 30 days after any monitoring period has ended. If such a party does not remove such sealed records within 30 days after either of the these three deadlines, as applicable, the Clerk may dispose of such sealed records.

16. Within 60 days of the conclusion of this action, including final appellate action or the expiration of the time to appeal or seek further review, attorneys for Plaintiffs shall return to counsel for Defendants all documents designated as Confidential Material in their possession, custody or control, and any copies made therefrom, or certify to counsel for Defendants that they have destroyed all such Confidential Material.

17. Nothing in this Order shall foreclose the parties from separately negotiating and agreeing in writing to the confidential treatment of documents not contemplated or identified by this Order.

18. Pursuant to Rule 502(d) of the Federal Rules of Evidence, no privilege or protection shall be waived by disclosure connected with the instant captioned lawsuit and any such disclosure shall also not constitute a waiver in any other federal, state, or administrative proceeding.

**SO ORDERED.**

Dated:   October 12, 2021

$\underline{\qquad\qquad}$ *Loretta A. Preska* $\underline{\qquad\qquad}$
Loretta A. Preska, U.S. District Judge