# Wachtell, Lipton, Rosen & Katz

51 WEST 52ND STREET
NEW YORK, N.Y. 10019-6150

JUSTIN L. BROOKE

Direct Dial: (212) 403-1140
Direct Fax: (212) 403-2140
E-Mail: JLBrooke@wlrk.com

TELEPHONE:  (212) 403-1000
FACSIMILE:   (212) 403-2000

October 11, 2021

<u>Via ECF</u>

Honorable Loretta A. Preska
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, N.Y. 10007

      Re: *Milburn, et al.* v. *Dogin, et al.*, No. 79 Civ. 5077 (LAP) (S.D.N.Y.)

Dear Judge Preska:

  Class Counsel writes to request a conference to address Defendants' multiple and significant discovery lapses, which threaten to impair Plaintiffs' ability to litigate their claims and have put this case's expedited schedule in jeopardy.

  As the Court knows, discovery on all claims in this case is underway on an expedited timeline. Consistent with the Court's Scheduling Order, the parties have prioritized discovery regarding the cell block known as the Unit for the Physically Disabled (the "UPD"), with October 15 as the substantial completion deadline for such document production and October 29 as the deadline for the full completion of all UPD-related fact discovery. Dkts. 655, 657. In response to Plaintiffs' reasonable discovery demands, Defendants to date have provided a production that remains significantly incomplete. And, although the parties have engaged in several meet and confer discussions, it appears that the pace at which Defendants have provided discovery will not be adequate to meet the October 15 substantial completion deadline.

  **Background.** Defendants have had abundant notice of Plaintiffs' discovery demands for over two months. On August 9, 2021, Plaintiffs served Defendants with a First Set of Requests for Production ("RFPs"), Interrogatories, and a Notice of a Rule 30(b)(6) deposition. These demands came after Plaintiffs' July 15 document preservation letter, which Plaintiffs specifically noted would serve as a roadmap for Plaintiffs' forthcoming document requests. At Defendants' request, Plaintiffs subsequently provided a list of UPD-related RFPs for Defendants to prioritize while the parties agreed, consistent with the Court's Scheduling Order, that discovery on all other subjects would also continue. *See* Dkt. 655 at ¶ 4. On September 13, Plaintiffs served Defendants with a Second Set of RFPs, a Notice to Inspect, and additional

WACHTELL, LIPTON, ROSEN & KATZ

Honorable Loretta A. Preska
October 11, 2021
Page 2

deposition notices.  Defendants requested a two-week extension, to September 22, to respond to Plaintiffs' August 9 discovery demands, to which Plaintiffs agreed.[1]

Defendants served their responses and objections ("R&Os") and began their production on September 21 and 22.  Plaintiffs reviewed this production and promptly requested a meet and confer regarding the clear deficiencies in the production and Defendants' objections.  On September 27, the parties met and conferred via video conference.  At this meet and confer, Defendants generally conceded that the pace of production was slow and blamed inadequate resources or bureaucratic impediments.  For example, Defendants explained that Green Haven had limited staff to copy UPD-patient paper medical records and that counsel had only begun to seek approval to engage a copy vendor to properly expedite this process.

Plaintiffs sought to continue these meet and confer discussions, and, on September 28, provided Defendants with a list of follow-up inquiries and, as requested for particular requests, additional clarification or limitations.  On October 1, Defendants provided incomplete responses to some of these requests and failed to respond to others.  On October 5, Plaintiffs reiterated their un-responded-to inquiries and noted that Plaintiffs would be constrained to seek a conference before the Court if Defendants did not make significant progress or confirm they would meet the substantial completion deadline.

Following limited productions, on October 8, Defendants made an additional limited production, consisting of incomplete log books, incomplete medical records[2], and an unspecified portion of their email review, leaving their production incomplete and inadequate.[3]  Finally, on October 11, Defendants wrote to address certain open issues.  But they again failed to confirm that they will meet the substantial completion deadline, admitted that they still had yet to hire a vendor to assist with production of medical records, and raised logistical issues pertaining to depositions and Plaintiffs' inspection due to an ongoing COVID outbreak at Green Haven.  Defendants indicated that they continue to work to respond to Plaintiffs' requests, but they provided no firm deadlines and no commitments as to when they will complete their production.  And while Plaintiffs are willing to continue the parties' meet and confer discussions, and are

---

[1] As of last week, Plaintiffs completed their productions, with the exception of documents still being tracked down from class members' personal files located at Green Haven.  Plaintiffs' responses to Defendants' interrogatories are also still coming in—the preparation of these responses has been delayed because three units of Green Haven, including the UPD, were locked down and quarantined due to a COVID surge.

[2] These medical records indicate that Defendants have failed to produce documents in a timely manner.  For example, Defendants' October 7 production contained death records that, as indicated in the production itself, were provided to counsel on August 9.  Defendants have provided no explanation for this nearly two-month delay.

[3] Following these discussions, the parties reached a stipulation for a HIPAA-qualified protective order to resolve Defendants' HIPAA-based objections, which Plaintiffs disputed.  On October 8, Plaintiffs requested that the Court so-order the protective order.  *See* Dkt. 674.

WACHTELL, LIPTON, ROSEN & KATZ

Honorable Loretta A. Preska
October 11, 2021
Page 3

willing to discuss scheduling, Defendants' rate of production to date leaves Plaintiffs constrained to conclude that the pace of production will not meaningfully increase without Court intervention.

**Production Deficiencies.** As just a few examples of the glaring deficiencies in Defendants' production, Plaintiffs highlight the following:

*Medical records.* Plaintiffs appear to have provided medical records for 16 patients. These records are unacceptably incomplete and there are inexplicable discrepancies. Plaintiffs provided a specific list of patients—both UPD and non-UPD residents—in their request for medical records, yet Defendants have not even provided a complete set of medical records for UPD residents. And Plaintiffs need the records of non-UPD residents to demonstrate that patients in need of UPD-level care are being denied it.

*Unusual Incident ("UI") Reports.* Defendants have produced what appears to be only a single UI Report and it is non-responsive, bearing no relation to the categories Plaintiffs specified in their request. Defendants have indicated that they are continuing to collect UI Reports yet have failed to indicate when they will be produced.

*Mortality and Morbidity Reports.* Defendants acknowledge that their HIPAA-based objection (which Plaintiffs contend was meritless) to production of these materials will be mooted upon the Court's entry of the parties' proposed HIPAA-qualified protective order. Mortality reports are critical and must be prepared as a matter of policy. Defendants have also not produced minutes from mortality meeting reviews. Defendants have provided no indication as to when they will complete the productions related to these issues.

*Quality Improvement/Quality Assurance ("QI/QA") Reports.* Defendants have provided an incomplete production of QI/QA reports for 2018–2021, and have also said that no such reports have been prepared for 2021, which, in itself, raises questions about the quality of medical care at Green Haven. Plaintiffs also requested documents that tracked chronic care patients suffering from a specified set of ailments. Defendants appear to contend that such documents would only exist as QI/QA Reports, yet have failed so far to collect any such reports from before 2018, stating that they are now "attempting to retrieve" such documents.

*Privilege log/Interrogatories.* Defendants have not indicated when they will provide a privilege log. Defendants have not answered Plaintiffs' Interrogatories.

*Depositions/Inspection.* On October 11, while Defendants appeared to confirm that certain depositions could proceed on their noticed dates, they raised logistical issues, in part relating to the COVID outbreak at Green Haven, that make the current schedule for these depositions uncertain. The parties have agreed to discuss scheduling adjustments to present to the Court, but Plaintiffs cannot take these depositions based upon incomplete document productions provided at the last minute.

Plaintiffs therefore respectfully request a conference before the Court to address Defendants' discovery obligations and to order appropriate relief in order to maintain the expedited schedule on which the parties are operating.

WACHTELL, LIPTON, ROSEN & KATZ

Honorable Loretta A. Preska
October 11, 2021
Page 4

                                      Respectfully submitted,

                                      */s/ Justin L. Brooke*
                                      Jonathan M. Moses
                                      Justin L. Brooke
                                      Wilfred T. Beaye

CC:    Counsel for Defendants (via ECF)

         A.J. Agnew, Esq. (Class Co-Counsel) (via ECF)

```
Defendants shall respond to Class Counsel's letter
of October 11, 2021 (dkt. no. 675) no later than
October 15, 2021.  Class Counsel may reply no
later than October 20, 2021.  SO ORDERED.
```

*Loretta A. Preska*    10/12/2021