IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LOUIS MILBURN, *et al., for the class of Louis Milburn, et al.*,<br>　　　　　　　　Plaintiffs,<br>　　　v.<br>HENRY S. DOGIN, *et al.*,<br>　　　　　　　　Defendants. | No. 79 Civ. 5077 (LAP)<br><br>**NOTICE OF CROSS MOTION FOR MODIFICATION OF CONSENT DECREE** |

**PLEASE TAKE NOTICE** that on February 3, 2022 or as soon as counsel may be heard, Plaintiff Class, by and through their counsel WACHTELL, LIPTON, ROSEN & KATZ and LAW OFFICE OF AMY JANE AGNEW, P.C., shall cross-move before the Honorable Loretta A. Preska, United States District Judge, Southern District of New York, located at 500 Pearl Street, New York, New York pursuant to 18 U.S.C. §§ 3636(a)(2) and (b)(3)-(4) to modify the current Consent Decree to address current and ongoing violations of federal rights suffered by patients housed in the former Unit for the Physically Disabled ("UPD") as well as patients housed in other areas of Green Haven with chronic conditions and physical disabilities, along with an Order denying Defendants' Motion to Terminate the Stipulation for Entry of Modified Final Judgment By Consent herein, dated September 27, 1991, as relates to the provisions related to the former UPD.

**PLEASE TAKE FURTHER NOTICE** that in support of this motion, Plaintiff shall rely upon this Notice of Cross-Motion, the Memorandum of Law in Opposition to Defendants' Motion to Terminate and In Support of Plaintiff's Cross Motion, the Declarations of Amy Jane Agnew, Esq, and exhibits thereto, the Declaration of Homer Venters, M.D., and exhibits thereto, the Declaration of Molly Curran, and exhibits thereto, the Declaration of Sylvia Dovlatyan, and

exhibits thereto, the docket to date in this case, and further evidence to be adduced at an evidentiary hearing.

**PLEASE TAKE FURTHER NOTICE** that Plaintiff class specifically request modifications to the Consent Decree and related relief, including but not limited to:

a) Denying Defendants' Motion to Terminate the Decree;

b) Lifting the automatic stay imposed pursuant to 18 U.S.C. § 3626(e);

c) Compelling Defendants to create and maintain a policy for admission and discharge of patients to the UPD on a date certain;

d) Compelling Defendants to immediately reinstate elements of the Consent Decree necessary to cure on-going violations of federal rights, including UPD on-unit medication administration, UPD on-unit nursing and provider services, UPD on-unit medical supply distribution, a UPD on-unit call bell system, UPD on-unit medical surveillance to improve medical emergency response time, especially at night, and health care aide assistants for patients who require it;

e) Compelling Defendants to immediately transfer patients who require both the medical services and reasonable accommodations into ADA-compliant cells located on the UPD until all functioning cells are utilized;

f) Award Costs and Attorney Fees pursuant to 42 U.S.C. § 1988, if and when sought, and

g) All other relief that this Court deems fair and just.

Dated: January 11, 2022

| LAW OFFICE OF AMY JANE AGNEW, P.C. | WACHTELL, LIPTON, ROSEN & KATZ |
|---|---|
| */s/ AJ Agnew*<br>Amy Jane Agnew<br>Joshua L. Morrison<br>24 Fifth Avenue, Suite 1701<br>New York, NY 10011 | */s/ Jonathan Moses*<br>Jonathan M. Moses<br>Justin L. Brooke<br>Wilfred T. Beaye, Jr.<br>Getzel Berger<br>Jessica L. Allen<br>51 West 52nd Street<br>New York, NY  10019 |