UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TOBY NUNEZ, as administratrix of the Estate of Raul A. Nunez, deceased,

          *Plaintiff*,

  -against-

ROBERT BENTIVEGNA, et al.

          *Defendants*.

**STIPULATION OF CONFIDENTIALITY AND PROTECTIVE ORDER**

22-cv-5673 (LAP)
(Related: 79-cv-5077)(LAP))

---

  WHEREAS discovery herein from New York State Department of Corrections and Community Supervision ("DOCCS") may include the production of information and/or documents that DOCCS contends (a) contains highly sensitive information, policies, procedures, confidential personnel information, and other sensitive proprietary information, or other matters that, if disclosed, could jeopardize correctional or institutional safety, security or good order, or (b) contains information that is confidential under state or federal law,   and

  WHEREAS discovery herein from Plaintiff or the relatives of the decedent may include sensitive imagery of decedent's body post-mortem, audio recordings of his vocalization of suffering, and other materials that may be disturbing and emotionally damaging to his two minor children;

  IT IS HEREBY STIPULATED AND AGREED that:

  1. The term "document" as used herein is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a).

2. Defendants may designate as confidential documents produced from the records of Defendants and DOCCS and the information contained therein, the disclosure of which Defendants or DOCCS believe would jeopardize correctional or institutional safety, security or good order, or which contain information that is confidential under state or federal law, which shall be referred to hereafter as "Confidential Material" including but not limited to the below, as set forth in Paragraph 4.  Plaintiff may designate as confidential documents, video or audio material, the public disclosure of which Plaintiff, her counsel, or the mother of the decedent's minor children (though Plaintiff's counsel) believe in good faith may cause emotional damage to the decedent's young children if shared publicly.   The designation of any document as "Confidential Material" must be apparent on the face of each page of the document created by either a watermark or bates-stamp, unless the material is a photograph, audio or video recording in which the designation may be given in writing by Counsel for either party.

*Materials Covered*

3. This Protective Order shall apply to all information and materials produced or disclosed during the course of the above-captioned action (the "Action"), by Defendants or DOCCS or Plaintiff's counsel, including but not limited to information produced or disclosed:

   a. In any pleading, document, affidavit, interrogatory answer, responses to requests for admission, brief, motion, transcript, or any other writing;

   b. In testimony given in a deposition by a witness or Party, and any transcript copies, or summaries of such information; or

   c. Through any other manner or means of discovery, including entry onto land or premises and inspection of books, records, documents and tangible things

possessed by Defendants or DOCCS or Plaintiff.

4.  Any party may designate as confidential any information, document, or thing, or portion of any document or thing produced by that party, the disclosure of which that party believes would contain information that is confidential under state or federal law, which shall be referred to hereafter as "Confidential Material," including but not limited to the following:

   a. Reports and other records prepared by the DOCCS Office of Special Investigations, or its predecessor entity the DOCCS Office of the Inspector General, in connection with an investigation conducted by that entity;

   b. All personnel, health care (including but not limited to drug or substance abuse records), mental health care, and labor relations records that contain personally identifiable information concerning any employee of DOCCS or any inmate in the custody of DOCCS, with the exception of decedent, Raul Nunez, to the extent that it is not statutorily prohibited, provided that, for mental health records, the review and determination required by New York Mental Health Law § 33.16 has been completed before any records approved for release are produced;

   c. All documents and information that relate to the substance or contents of any and all personnel files, including but not limited to personal, departmental, and administrative files and other personnel information prepared or maintained by the State of New York (including without limitation, the Department of Corrections and Community Supervision), including but not limited to documents reflecting any disciplinary proceedings, performance evaluations, and counselings of any personnel of DOCCS, unless already possessed by a party or witness;

d. All maps, blueprints, photographs, drawings, schematics, and any other written depiction or description of any DOCCS correctional facilities;

e. All directives or written policies issued by DOCCS or any correctional facility operated by DOCCS that are classified as "D" in DOCCS Directive 0001, indicating that they contain information affecting the safety and security of correctional facilities and are handled as confidential material and restricted from unauthorized access;

f. All photographs and video of the post-mortem body of Raul Nunez;

g. Any documents and information which counsel for all parties agree should be considered Confidential Material;

h. All DOCCS training materials for corrections officers, sergeants, lieutenants, captains, deputy superintendents or medical staff, that refers to or concerns correctional or institutional safety, security, or good order;

i. Any other records that Defendants or DOCCS believe would compromise the safety or security of a DOCCS facility if disclosed to an inmate in the custody of DOCCS and/or the general public;

j. Any documents and information which counsel for a party designates as "Confidential Material" and to which counsel for the other party does not object;

k. Testimony about the documents and information covered by Paragraph 4(a)-(j)

l. Any documents or information that Defendants or DOCCS - believe in good faith would compromise the safety, institutional security, and good order of a DOCCS facility if disclosed to an inmate in the custody of DOCCS or any former DOCCS

inmate and/or the general public;

m. Any documents and information which counsel for all parties agree should be considered Confidential Material.

5. Access to the Confidential Material shall be limited to:

a. Plaintiff's counsel;

b. Defendants' counsel;

c. Counsel with whom a party has a joint defense or common interest agreement, provided such counsel executes the annexed Certification;

d. Employees and independent contractors of the respective attorneys for Plaintiff or Defendants who have responsibility for the preparation or trial of this action, or any appeal thereof;

e. The parties' respective experts and consultants, to the extent deemed necessary to the conduct of this litigation by the respective attorneys for Plaintiff or Defendants, except that, prior to any such person being given access to the Confidential Material, that person shall be given a copy of this Stipulation and Protective Order and shall execute the Certification annexed hereto;

f. Individual employees of DOCCS, to the extent that such individual employees would have access to the Confidential Material as part of their employment with DOCCS;

g. Court reporters, to the extent deemed necessary for the conduct of this litigation by the respective attorneys for Plaintiff or Defendants; and

h. The Court.

6. Notwithstanding the designation of any documents produced by DOCCS or Defendants which contain the information, counsel for Defendants shall treat the names and addresses of Raul Nunez's minor children and the address of their mother as Confidential Material.

7. If reference must be made to the minor children of Raul Nunez in court filings, the parties agree to use the terms "First Born Infant" and "Second Born Infant" in lieu of names or initials.

8. An inadvertent failure to designate Confidential Material may be corrected by supplemental written notice given as soon as practicable; however, no Party shall be deemed in violation of this Agreement for the dissemination or use of material not designated "Confidential Material" prior to such designation.

9. Nothing in this Agreement shall be construed to allow the designation as "Confidential Material" on any documents already collected or produced by any party without such designation through the date of this Agreement.

10. An inadvertent failure to designate Confidential Material by counsel may be corrected by supplemental written notice given as soon as practicable.

11. To the extent any counsel obtained copies of documents described in Paragraph 4 herein prior to the date of this Stipulation and Protective Order and may have disclosed them or their contents to others, it shall not be deemed a violation of this Stipulation and Protective Order.

12. Notwithstanding the treatment as Confidential Material of any personnel, health care or mental health care records that contain personally identifiable information concerning any employee of DOCCS, it is understood that to the extent that unauthorized disclosure of such information would violate the Health Insurance Portability and Accountability Act ("HIPAA") and

N. Y. State Mental Hygiene Law §33.13, the names, names of family members, residence addresses, employee insurance information, Social Security numbers and/or identification numbers of any employee who has not provided DOCCS with a duly executed authorization permitting disclosure of such information shall be redacted from the documents produced by DOCCS.

13. Confidential Material shall be treated as confidential and not disclosed, except to the extent provided in this Stipulation and Protective Order or as otherwise ordered by the Court.

14. No person receiving Confidential Material pursuant to this Stipulation and Protective Order shall disclose or discuss such Confidential Material in any manner, written or oral, to or with any person who is not entitled to receive such Confidential Material pursuant to this Stipulation and Protective Order.

15. The Confidential Material shall not be disclosed in open court without first affording the designating party's counsel an opportunity to contest disclosure and/or admissibility of the Confidential Material. Nothing in this Stipulation of Confidentiality and Protective Order shall render otherwise admissible evidence inadmissible, subject only to the Court's taking action to preclude disclosure of such evidence to anyone other than the jury, the Court itself, and such other persons that the Court deems appropriate.

16. If a party in good faith objects to the designation of any document as Confidential Material, such party shall state such objection in writing to the counsel for the party that designated the Confidential Material within 30 days of the objecting party's receipt of the Confidential Material. Counsel shall in good faith attempt to resolve such conflict. If—after a meet and confer held within a reasonable period of time after the written objection— the parties cannot agree, the

party seeking to maintain confidentiality may move for a protective order pursuant to Federal Rule Civil Procedure 26 within 30 days of receipt of the written objection. If after 30 days (or any additional time if an extension was requested and granted) after receipt of the receiving party's written objection, the designating party has not moved for a protective order, the designations will be deemed null and void. Any disputed documents shall be treated as Confidential Material until the parties resolve the conflict, the Court issues its ruling regarding the conflict or the time frame to move for a protective order has lapsed. Nothing in this paragraph shall interfere with the parties' obligations created by Rule 26 of the Federal Rules of Civil Procedure.

17. Confidential Material may be disclosed pursuant to order of a court, administrative agency or tribunal with actual or apparent authority over the parties' counsel, provided, however, that, in the event that a party's counsel intends to produce documents containing Confidential Material or that contain Confidential Material obtained from such documents in response to such order, a party's counsel shall serve notice of such order upon DOCCS' counsel, identifying by Bates numbers the documents it intends to produce, not less than ten (10) business days prior to the production thereof, to give DOCCS the opportunity to seek a protective order against such production unless the court orders that they be produced sooner, in which event a party's counsel will serve notice upon DOCCS' counsel as soon as practicable.

18. In the event that any counsel intends to file with the Court any papers that attach or enclose documents containing Confidential Material produced pursuant to this Stipulation and Protective Order or that contain Confidential Material obtained from such documents, including deposition transcripts, that counsel shall serve notice of such intention upon the party who designated the documents as Confidential Material, identifying by Bates numbers the documents

to be filed, not less than ten (10) business days prior to the filing thereof, to give the designating party the opportunity to request or move the Court to direct that such documents be filed under seal, provided, however, that such notice shall not be construed as a waiver of the attorney-client privilege, attorney work product privilege, or any other applicable privilege or immunity.

19. Unless otherwise provided in the Local Rules or by Order of the Court, when filing court papers under seal, such papers or documents shall be filed only in sealed envelopes on which shall be endorsed the caption and Civil Action number of this action and a statement substantially in the following form:

> This envelope contains Confidential Material. The envelope shall not be opened nor the contents therein displayed or revealed, other than to the Court, except by Order of the Court.

20. Except as provided for in paragraph 6 herein, consented to in writing by DOCCS' counsel, or ordered by the Court, and notwithstanding any other term or provision contained in this Stipulation and Protective Order, Confidential Material shall not be released or disclosed in any manner to any person who is or was an inmate in the custody of DOCCS other than Plaintiff for purposes of trial preparation.

21. Nothing herein shall be deemed to waive any applicable privilege or excuse any party from adhering to the mandates of the Federal Rule of Civil Procedure 26 or Federal Rule of Evidence 502. Nothing herein shall be deemed to waive the right of the receiving party to dispute a claim of privilege.

22. Confidential Material produced pursuant to the terms of this Stipulation and Protective Order shall be used by the receiving party solely for the purposes of this action and solely to the extent necessary for the litigation of this action, including any appeals thereof.

23. Within three (3) years of the conclusion of this Action, any counsel who received Confidential Material shall either return to designating counsel or destroy all Confidential Material, and any copies thereof, in its custody, possession or control and any documents containing Confidential Material, in whole or in part, and any copies made therefrom except to the extent any such destruction may conflict with counsels' obligations under the New York State Code of Professional Responsibility or in counsel's judgment may affect his/her ability to defend him/herself against a potential malpractice or disciplinary action.

24. Nothing in this Order shall foreclose DOCCS and the parties from separately negotiating and agreeing in writing to the confidential treatment of documents not contemplated by this Stipulation and Protective Order and identified in Paragraph 4 herein.

| | |
|---|---|
| Dated: January 6, 2023 | Dated: January 6, 2023 |
| LAW OFFICE OF AMY JANE AGNEW, P.C. | LETITIA JAMES<br>Attorney General, State of New York |
| By: */s/ AJ Agnew*<br>Amy Jane Agnew, Esq<br>24 Fifth Avenue, Suite 1701<br>New York, New York 10011<br>Phone: (973) 600-1724<br><br>*Counsel for Plaintiff* | By: \_\_\_/s/_____<br>Amanda Yoon, Esq.<br>Assistant Attorney General<br>28 Liberty Street<br>New York, New York 10009<br><br>*Attorney for Defendants* |

**SO ORDERED**:

Dated: \_\_1/9/23_____

_____
Hon. Loretta A. Preska, Senior U.S.D.J.

Page 11 of 12

# **CERTIFICATION**

I certify my understanding that Confidential Material is being provided to me pursuant to the terms and restrictions of the Stipulation and Protective Order in *Nunez v. Bentivegna, et al.*, 22-cv-5673 (LAP) currently pending in the United States District Court for the Southern District of New York.   I further certify that I have read the Stipulation and Protective Order and agree to be bound by it.

I understand that all provisions of the Stipulation and Protective Order restricting the communication or use of Confidential Material, including but not limited to any notes or other transcriptions made of Confidential Material therefrom, shall continue to be binding during the pendency of and after the conclusion of this action.

Dated: _____        _____
SIGNATURE

_____
PRINT NAME

_____
_____
ADDRESS

_____
TELEPHONE NUMBER