UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| PABLO BERIQUETE, DIOGENES FILPO, MARVIN HOLMES, LAWRENCE LEWIS, LUIS TORRES, MILAN HEGGS, ALONZO JACOBS, and DAVID RHODES, on behalf of themselves and others similarly situated | : : : : : : : | **ECF CASE** |
|  | : : | **79-cv-5077 (LAP)** |
| Plaintiffs, | : : |  |
| v. | : : : |  |
| DANIEL F. MARTUCELLO III, Acting Commissioner, New York State Department of Corrections and Community Supervision, and MARK MILLER, Superintendent, Green Haven Correctional Facility | : : : : : : : |  |
| Defendants. | : : |  |

## PLAINTIFF CLASS'S MEMORANDUM OF LAW FOR FEES AND COSTS

**LAW OFFICE OF AMY JANE AGNEW, P.C.**

Amy Jane Agnew
Joshua Morrison
24 Fifth Avenue, Suite 1701
New York, New York 10011
(973) 600-1724
aj@ajagnew.com
*Counsel for the Class*

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ....................................................................... 1

PROCEDURAL HISTORY ............................................................................... 1

LEGAL ARGUMENT ....................................................................................... 1

I.     THE CLASS IS THE PREVAILING PARTY AND COUNSEL'S .......... 1
ENTITLEMENT TO FEES AND COSTS IS ALSO
CONTRACTURAL

II.    THE LODESTAR RATES AND HOURS EXPENDED BY ................... 4
ATTORNEYS AND SUPPORT STAFF ARE REASONABLE IN
THIS DISTRICT

A.  The PLRA Rate Has Been Applied To All Attorney Hours As Mandated ...... 5

B.  The Rate for Law Student Clerks' Compensation of $125 Per Hour is .......... 7
Reasonable

C.  The Rate for Litigation Assistant/Paralegal Compensation at $125 per ......... 9
Hour is Reasonable

D.  The Rate for Clerical Support Staff Compensation of $100 per Hour is ........ 10
Reasonable

E.  The Travel Time is Reasonable ........................................................................ 12

F.  The Time Entries Comport with the Standards of the Second Circuit ........... 13

III.   THE PLAINTIFF CLASS IS ENTITLED TO COSTS ......................... 14

IV.   THE PRESUMPTIVELY REASONABLE LODESTAR IS NOT A ..... 15
WINDFALL

V.    CONCLUSION ....................................................................................... 16

# TABLE OF AUTHORITIES

Adorno v. Port Authority of N.Y. & N.J.,
  685 F. Supp. 2d 507 (S.D.N.Y. 2010)                                          14

Algie v. RCA Global Communications, Inc.,
  891 F. Supp. 875 (S.D.N.Y. 1994), *aff'd,* 60 F.3d 95 (2d Cir. 1995)          14

Allen v. Koenigsmann,
  No. 19-cv-8173                                                               10

Blum v. Stenson,
  465 U.S. 886, 79 L. Ed. 2d 891, 104 S. Ct. 1541 (1984)                        3

Bonnie & Co. Fashions. Inc. v. Bankers Trust Co.,
  970 F. Supp. 333 (S.D.N.Y. 1997)                                             13

Brig v. Port Auth. Trans Hudson,
  No. 12-cv-5371, 2014 U.S. Dist. LEXIS 42538 (S.D.N.Y. Mar. 28, 2014)         12

Buckhannon Board & Care Home v. West Virginia Department of Health &
Human Resources,
  532 U.S. 598, 149 L. Ed. 2d 855, 121 S. Ct. 1835 (2001)                       1

Burr v. Sobol,
  748 F. Supp. 97 (S.D.N.Y. 1990)                                             14

City of Detroit v. Grinnell Corp.,
  495 F.2d 448 (2d Cir. 1974)                                                 14

Clarke v. Frank,
  960 F.2d 1146 (2d Cir. 1992)                                                 3

Cowan v. Prudential Ins. Co. of America,
  728 F. Supp. 87 (D. Conn. 1990), *rev'd on other grounds,* 935 F.2d 522
  (2d Cir. 1991)                                                               6

Davis v. City of New York,
  No. 10-cv-699, 2011 U.S. Dist. LEXIS 120165 (S.D.N.Y. Oct. 18, 2011)         12

De La Paz v. Rubin & Rothman, LLC,
  No. 11-cv-9625, 2013 U.S. Dist. LEXIS 168281
  (S.D.N.Y. Sep. 20, 2013)                                                      2

DiFilippo v. Morizio,
  759 F.2d 231 (2d Cir. 1985)                                           3

E.F. v. N.Y.C. Dep't of Educ.,
  No. 11-cv-5243, 2012 U.S. Dist. LEXIS 162810 (S.D.N.Y. Nov. 8 2012)    9

Echevarria v. Insight Med., P.C.,
  102 F. Supp. 3d 511 (S.D.N.Y. April 29, 2015)                         2

Farrar v. Hobby,
  506 U.S. 103, 121 L. Ed. 2d 494, 113 S. Ct. 566 (1992)               16

Fox v. Vice,
  563 U.S. 826, 131 S. Ct. 2205, 180 L. Ed. 2d 45 (2011)               2

Gierlinger v. Gleason,
  160 F.3d 858 (2d Cir. 1998)                                          3

Hensley v. Eckerhart,
  461 U.S. 424, 437, 76 L. Ed. 2d 40, 103 S. Ct. 1933 (1983)          3, 4

Hnot v. Willis Group Holdings Ltd,
  No. 01-cv-6558, 2008 U.S. Dist. LEXIS 28312 (S.D.N.Y. Apr. 7, 2008)  9

Huntington Branch, NAACP v. Town of Huntington,
  961 F.2d 1048 (2d Cir. 1992)                                         6

In re Arbitration Between Okyere & Houslanger & Assocs.,
  2015 WL 4366865 (S.D.N.Y. May 28, 2015)                              2

Kirsch v. Fleet Street, Ltd.,
  148 F.3d 149 (2d Cir. 1998)                                          3

LeBlanc-Sternberg,
  143 F.3d 748 (2d Cir. 1998)                                          4

Lunday v. City of Albany,
  42 F.3d 131 (2d Cir. 1994)                                          2, 4

LV v. N.Y. City. Dep't of Educ.,
  700 F. Supp. 2d 510 (S.D.N.Y. 2010)                                 12

M.C. ex rel. E.C. v. Department of Education of the City of New York,
  No. 12-cv-9281, 2013 U.S. Dist. LEXIS 78605 (S.D.N.Y. 2013),
  *report and recommendation adopted*, 2013 U.S. Dist. LEXIS 199319
  (S.D.N.Y. 2013)                                                      7

Medina v. Buther,
   15-cv-1955, 2019 U. S. Dist. LEXIS 156139 (S.D.N.Y. Sep. 12, 2019)    7

Millea v. Metro-North R.R.,
   658 F.3d 154 (2d Cir. 2011)    4

Missouri v. Jenkins,
   491 U.S. 274, 105 L. Ed. 2d 229, 109 S. Ct. 2463 (1989)    6

Mister Sprout, Inc. v. Williams Farms Produce Sales, Inc.,
   881 F. Supp. 2d 48 (S.D.N.Y. 2012)    12

New York State Assoc. for Retarded Children v. Carey,
   711 F.2d 1136 (2d Cir. 1983)    15-16

Ng v. King Henry Realty, Inc.,
   No. 16-cv-0013, 2016 Dist. LEXIS 142012 (S.D.N.Y. 2016)    7

O.R. v. New York City Dep't of Health,
   340 F. Supp. 3d 357 (S.D.N.Y. 2018)    2

Porzig v. Dresdner, Kleinwort, Benson, N. Am. LLC,
   497 F.3d 133 (2d Cir. 2007)    5

Quaratino v. Tiffany & Co.,
   166 F.3d 422 (2d Cir. 1997)    4

Raniola v. Bratton,
   No. 96-cv-4482, 2003 U.S. Dist. LEXIS 7199 (S.D.N.Y. Apr. 18, 2003)    13

Reynolds v. Goord,
   No. 98-cv-6722, 2001 U.S. Dist. LEXIS 1203 (S.D.N.Y. Feb. 13, 2001)    6

Simmonds v. New York City Department of Corrections,
   No. 06-cv-5298, 2008 U.S. Dist. LEXIS 74539 (S.D.N.Y. 2008)    9

Simmons v. N.Y. City Transit Auth.,
   575 F.3d 170 (2d Cir. 2009)    4

Tatum v. City of New York,
   No. 06-cv-4290, 2010 U.S. Dist. LEXIS 7748 (S.D.N.Y. Jan. 28, 2010)    9, 14

Tran v. Tran,
   166 F. Supp.2d 793 (S.D.N.Y. 2001)    13

Trs. of Hollow Metal Pension Fund v. Morris Fine Furniture Work Shop,
Inc.,
    No. 16-cv-09480, 2019 U.S. Dist. LEXIS 102715 (S.D.N.Y. Mar. 15,
    2019), *report and recommendation adopted*, 2019 U.S. Dist. LEXIS
    102546 (S.D.N.Y. June 19, 2019)                                        9

U.S. Football League v. Nat'l Football League,
    704 F. Supp. 474 (S.D.N.Y. 1989), *aff'd*, 887 F.2d 408 (2d Cir. 1989)   4, 14

**Statutes and Rules**

42 U.S.C. § 1988                                                           1

42 U.S.C. § 1997e(d)(3)                                                     5

## PRELIMINARY STATEMENT

Pursuant to the agreed terms of the Modified Consent Decree, the Plaintiff Class moves for the fees and costs incurred by the Law Office of Amy Jane Agnew, P.C. for prosecution of this matter.  There can be no question that the Co-Class Counsel is entitled to fees and costs following the entry of the stipulated modified consent decree entered in this case.  To get there, Plaintiffs' counsel undertook almost three years of extensive paper discovery, detailed expert discovery, comprehensive briefing, numerous trips to Green Haven to meet with class members, and engaged in prolonged settlement negotiations with Defendants on behalf of the Class.  The result of this work is evidenced by the comprehensive relief provided by the Stipulation for Entry of Modified Final Judgment By Consent (Dkt. No. 837) ("Modified Consent Order").

## PROCEDURAL HISTORY

The Plaintiff Class assumes the Court's familiarity with the procedural history including the extent of discovery, briefings, and settlement negotiations undertaken to finalize this phase of the litigation.

## LEGAL ARGUMENT

## I.     THE CLASS IS THE PREVAILING PARTY AND COUNSEL'S ENTITLEMENT TO FEES AND COSTS IS ALSO CONTRACTURAL

In Buckhannon Board & Care Home v. West Virginia Department of Health & Human Resources, 532 U.S. 598, 149 L. Ed. 2d 855, 121 S. Ct. 1835 (2001), the Supreme Court examined the nature of the relationship between judgments and "so-ordered stipulations" -- there, in the context of whether someone was a "prevailing party" and thus entitled to attorneys' fees under 42 U.S.C. § 1988.  To be deemed a prevailing party, there must be a "judicially sanctioned change in the legal relationship of the parties" that bears the "necessary judicial *imprimatur*." 532 U.S. at 605.  The Buckhannon court cited two examples: judgments on

the merits and settlement agreements that are enforced through court-ordered consent decrees. Id. at 603-04.   Here, the parties have entered the latter—a settlement agreement that is enforced through a court-ordered consent decree.   The clear language of the Modified Consent Order entered between the parties provides for an award of reasonable attorneys' fees and costs "that were incurred by the Law Office of Amy Jane Agnew, P.C." provided the parties do not settle on the issue.   (Dkt. No. 837 at 22.)   Despite some effort, the parties have not come to an agreement to date.   (Agnew Decl. ¶¶ 129-133.)

"A party seeking attorneys' fees bears the burden of supporting its claim of hours expended by accurate, detailed, and contemporaneous time records." Echevarria v. Insight Med., P.C., 102 F. Supp. 3d 511, 516 (S.D.N.Y. April 29, 2015).   "The critical inquiry is whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." De La Paz v. Rubin & Rothman, LLC, No. 11-cv-9625, 2013 U.S. Dist. LEXIS 168281, at *13 (S.D.N.Y. Sep. 20, 2013) (internal quotation marks and citations omitted). However, "[t]he Supreme Court has cautioned that 'trial courts need not, and should not, become green-eyeshade accountants.'" O.R. v. New York City Dep't of Health, 340 F. Supp. 3d 357, 367 (S.D.N.Y. 2018) (quoting Fox v. Vice, 563 U.S. 826, 838, 131 S. Ct. 2205, 180 L. Ed. 2d 45 (2011)). "As a result, a district court is not required to 'set forth item-by-item findings concerning what may be countless objections to individual billing items.'" Ibid. (quoting Lunday v. City of Albany, 42 F.3d 131, 134 (2d Cir. 1994)). Instead, "[t]he Court is free to review the hours in their totality and make educated adjustments across the board, and/or assess the reasonableness of time spent on particular aspects of the litigation." In re Arbitration Between Okyere & Houslanger & Assocs., 2015 WL 4366865, at *10 (S.D.N.Y. May 28, 2015).

These standards afford the district court broad discretion in determining a reasonable fee award based on the circumstances of the case. Hensley v. Eckerhart, 461 U.S. 424, 437, 76 L. Ed. 2d 40, 103 S. Ct. 1933 (1983).  "[T]he presiding Court, with its familiarity with the proceedings, is afforded considerable discretion and latitude in assessing," the following:

> [T]he hours expended by counsel and the value of the work product of the particular expenditures to the client's case. Efforts put into research, briefing and the preparation of a case can expand to fill the time available, and some judgment must be made in the awarding of fees as to diminishing returns from such further efforts.... In making this examination, the district court does not play the role of an uninformed arbiter but may look to its own familiarity with the case and its experience generally as well as to the evidentiary submissions and arguments of the parties.

In re Arbitration Between Okyere, 2015 WL 4366865, at *10 (quoting DiFilippo v. Morizio, 759 F.2d 231, 235-36 (2d Cir. 1985)); see also O.R., 340 F. Supp. 3d at 367 ("Because attorney's fees are dependent on the unique facts of each case, the resolution of this issue is committed to the discretion of the district court." (quoting Clarke v. Frank, 960 F.2d 1146, 1153 (2d Cir. 1992)).

 The "normal starting point for calculating reasonable attorneys' fees to be awarded to a prevailing civil rights plaintiff is the calculation of a so-called 'lodestar' figure, which is arrived at by multiplying 'the number of hours reasonably expended in the litigation . . . by a reasonable hourly rate.'" Kirsch v. Fleet Street, Ltd., 148 F.3d 149, 172 (2d Cir. 1998) (quoting Hensley, 461 U.S. at 433). The rates to be used in calculating the § 1988 lodestar are the market rates "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Blum v. Stenson, 465 U.S. 886, 896 & n.11, 79 L. Ed. 2d 891, 104 S. Ct. 1541 (1984); Gierlinger v. Gleason, 160 F.3d 858, 882 (2d Cir. 1998). "Further, in order to provide adequate compensation where the services were performed many years before the award is made, the rates used by the court to calculate the lodestar should be 'current rather than historic hourly rates.'" Gierlinger, 160 F.3d at 882 (quoting Missouri v. Jenkins, 491 U.S. 274, 284, 105 L. Ed. 2d 229,

109 S. Ct. 2463 (1989)); *see also* LeBlanc-Sternberg, 143 F.3d 748, 764 (2d Cir. 1998).  There is a strong presumption that the lodestar figure represents a reasonable rate. Quaratino v. Tiffany & Co., 166 F.3d 422, 425 (2d Cir. 1997).

The fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." Hensley, 461 U.S. at 437. "Applications for fee awards should generally be documented by contemporaneously created time records that specify, for each attorney, the date, the hours expended, and the nature of the work done." Kirsch., 148 F.3d at 173.  The Court should exclude from the fee calculation hours that were not reasonably expended. Hensley, 461 U.S. at 434.  Hours that are excessive, redundant, or otherwise unnecessary should be excluded from the lodestar calculation. Kirsch, 148 F.3d at 173. "The task of determining a fair fee requires a conscientious and detailed inquiry into the validity of the representations that a certain number of hours were usefully and reasonably expended." Lunday, 42 F. 3d at 134 (remanding award of attorneys' fees and directing the magistrate judge to review critically counsel's time records). The records, however, need not specify "the exact number of minutes spent nor the precise activity to which each hour was devoted nor the specific attainments of each attorney." U.S. Football League v. Nat'l Football League, 704 F. Supp. 474, 477 (S.D.N.Y. 1989), *aff'd*, 887 F.2d 408 (2d Cir. 1989).

## II.     THE LODESTAR RATES AND HOURS EXPENDED BY ATTORNEYS AND SUPPORT STAFF ARE REASONABLE IN THIS DISTRICT

Courts presumptively use the "lodestar" approach to arrive at a reasonable fee. Simmons v. N.Y. City Transit Auth., 575 F.3d 170, 174 (2d Cir. 2009); *accord* Millea v. Metro-North R.R., 658 F.3d 154, 166 (2d Cir. 2011) ("Both this Court and the Supreme Court have held that the lodestar— the product of a reasonable hourly rate and the reasonable number of hours required by the case— creates a 'presumptively reasonable fee.'"). The lodestar calculation "involves determining the

reasonable hourly rate for each attorney and the reasonable number of hours expended and multiplying the two figures together to obtain a presumptively reasonable fee award." Porzig v. Dresdner, Kleinwort, Benson, N. Am. LLC, 497 F.3d 133, 141 (2d Cir. 2007).

In this case, Plaintiff's counsel had to undertake laborious processing and review of various sources of medical documents, including patient records, grievance files, Commission of Correction Reports on Deaths, sick calls records, and log books to reformulate data that was not culled after the 1991 Modified Consent Order was terminated in 2015. (Agnew Decl. ¶¶ 46-61.) The medical records of Class members also had to be processed and put into an order that could be used to cross-reference against these sources in order to demonstrate systemic deficiencies in the delivery of medical care at Green Haven. (Agnew Decl. ¶¶ 11-41.) An excellent example for the Court comes in the form of our concern that medication runs did not happen on the Unit for the Physically Disabled during the Thanksgiving weekend of 2022. The Facility insisted the medication runs had occurred, but once we collected the Medication and Treatment administration charts from the patients on the UPD, it was easy to confirm that the medication runs had not occurred on at least four occasions during the holiday weekend. We were able to show those proofs to the Court during our January 31, 2023 settlement conference. Without consistently updated medical records, the Court and the Plaintiff Class would have had to rely on the representations of Defendants.

### A. The PLRA Rate Has Been Applied to All Attorney Hours As Mandated

The Prison Litigation Reform Act ("PLRA") provides that no award of attorney's fees in an action [by a prisoner] shall be based on an hourly rate greater than 150 percent of the hourly rate established under section 30006A of Title 18, for payment of court-appointed counsel. 42 U.S.C. § 1997e(d)(3). The current CJA Rate is $164 per hour, creating a PLRA fee cap rate of $246 per

hour.  This is well below market rate for most of counsel engaged on behalf of the Plaintiff Class. (Agnew Decl. ¶¶ 73, 104.)

Plaintiffs have applied this rate to all admitted counsel.  The PLRA does not require that attorneys with different experience levels be compensated at different rates. Nor is there a requirement under the statute or otherwise that the reimbursement rates for less experienced attorneys must be proportionately reduced in relation to the statutory cap because a more experienced attorney will receive far less than his market rate of reimbursement. The issue is, instead, whether the hourly rates provided by the PLRA are reasonable as applied to the particular attorney, and in the context of this action.  Reynolds v. Goord, No. 98-cv-6722, 2001 U.S. Dist. LEXIS 1203, at *5-7 (S.D.N.Y. Feb. 13, 2001).

In Missouri v. Jenkins, 491 U.S. 274, 284, 105 L. Ed. 2d 229, 109 S. Ct. 2463 (1989), the Supreme Court observed that it is within the discretion of the district court to make "an appropriate adjustment for delay in payment -- whether by the application of current rather than historic hourly rates or otherwise." *See also* Huntington Branch, NAACP v. Town of Huntington, 961 F.2d 1048, 1049 (2d Cir. 1992).  In protracted litigation, therefore, a district court may calculate all hours at whatever rate is necessary to compensate counsel for delay. *See* Cowan v. Prudential Ins. Co. of America, 728 F. Supp. 87, 92 (D. Conn. 1990), *rev'd on other grounds*, 935 F.2d 522 (2d Cir. 1991).  Plaintiffs suggest this principle should be applied to the time expended by all three attorneys who served the Plaintiff Class from the Firm.  The Firm was supported by the following counsel: Amy Jane Agnew (Agnew Decl. ¶ 73), Megan Marfione (Agnew Decl. ¶ 95), and Joshua Morrison (Agnew Decl. ¶¶ 101-104).

In light of the above, the Plaintiff Class respectfully requests a fee award for Counsel's services as follows:

| Name | Rate | Hours | Total |
| --- | --- | --- | --- |
| Agnew, Amy Jane (Agnew Decl. Ex. 2) | $246.00 | 903.15 | $222,174.90 |
| Marfione, Megan (Agnew Decl. Ex. 24) | $246.00 | 106 | $26,076.00 |
| Morrison, Joshua (Agnew Decl. Ex. 30) | $246.00 | 379 | $93,234.00 |
| **Total For Counsel** | | | **$341,484.90** |

**B.  The Rate for Law Student Clerks' Compensation of $125 per Hour is Reasonable**

The rate of $125 per hour for the Firm's law student clerks is reasonable.  The Firm's law student clerks made substantial contributions to this case.  While attending Fordham, Brooklyn, and Rutgers Law Schools, they conducted legal research, reviewed, and sorted a tremendous amount of discovery documents including class member's medical records, and ESI. (Agnew Decl. ¶¶ 71, 76-77, 80, 87, 91, 105-107, 109, 112-113.)  Without the assistance of the law student clerks, all of this work would have fallen on attorneys and would have been billed at an attorney rate.  The prevailing rate in the SDNY for law student interns is $125.00 per hour.  Medina v. Buther, 15-cv-1955(LAP), 2019 U. S. Dist. LEXIS 156139, at *27-28 (S.D.N.Y. Sep. 12, 2019);  Ng v. King Henry Realty, Inc., No. 16-cv-0013, 2016 Dist. LEXIS 142012, *13 (S.D.N.Y. 2016)(citing M.C. ex rel. E.C. v. Department of Education of the City of New York, No. 12-cv-9281, 2013 U.S. Dist. LEXIS 78605, at *7-8 (S.D.N.Y. 2013), *report and recommendation adopted*, 2013 U.S. Dist. LEXIS 199319 (S.D.N.Y. 2013); (finding fee of $125 per hour for law student intern reasonable upon noting "[t]he hourly rates awarded to law student interns and paralegals in civil rights cases in this district tend to range from $100 to $125 per hour"); M.C., 2013 U.S. Dist. LEXIS 78605, at *7.

In light of the above, the Plaintiff Class respectfully requests a fee award for Law Student Clerk services as follows:

| Name | Rate | Hours | Total |
|---|---|---|---|
| Cardenas, Diana (Agnew Decl. Ex. 5) | $125 | 29.19 | $3,648.75 |
| Chukrallah, Paul (Agnew Decl. Ex. 6) | $125 | 61 | $7,625.00 |
| Del Mauro, Nicole (Agnew Decl. Ex. 9) | $125 | 49.3 | $6,162.50 |
| Getrajdman, Gregory (Agnew Decl. Ex. 16) | $125 | 83 | $10,375.00 |
| Irwin, Jeffrey (Agnew Decl. Ex. 20) | $125 | 88 | $11,000.00 |
| Munoz, Linette (Agnew Decl. Ex. 31) | $125 | 105.34 | $13,167.50 |
| Nelson, Jeffrey (Agnew Decl. Ex. 32) | $125 | 232 | $29,000.00 |
| Nelson-Epstein, Dylan (Agnew Decl. Ex. 33) | $125 | 236 | $29,500.00 |
| Ochse, Claire (Agnew Decl. Ex. 35) | $125 | 115 | $14,375.00 |
| Price, Robert (Agnew Decl. Ex. 36) | $125 | 178 | $22,250.00 |
| Reyderman, Alan (Agnew Decl. Ex. 39) | $125 | 152.75 | $19,093.75 |
| **Total For Law Student Hours** | | | **$166,197.50** |

### C. The Rate for Litigation Assistant/Paralegal Compensation at $125 per Hour is Reasonable

Plaintiffs request $125 per hour for litigation assistant work.  (Agnew Decl. ¶¶ 70, 72, 79, 81-82, 84, 90, 97-100, 111.)  $125 per hour for paralegal work is reasonable.  *See* Tatum v. City of New York, No. 06-cv-4290, 2010 U.S. Dist. LEXIS 7748, at *5 (S.D.N.Y. Jan. 28, 2010); Hnot v. Willis Group Holdings Ltd, No. 01-cv-6558, 2008 U.S. Dist. LEXIS 28312, at *3 (S.D.N.Y. Apr. 7, 2008) ($150 per hour is reasonable for paralegals in this District); E.F. v. N.Y.C. Dep't of Educ., No. 11-cv-5243, 2012 U.S. Dist. LEXIS 162810 at *18-19 (S.D.N.Y. Nov. 8 2012) ($150 and $125 reasonable for paralegal work). *But see* Simmonds v. New York City Department of Corrections, No. 06-cv-5298, 2008 U.S. Dist. LEXIS 74539, at *5 (S.D.N.Y. 2008) ($140 per hour to paralegal with "substantial experience"); *see also* Trs. of Hollow Metal Pension Fund v. Morris Fine Furniture Work Shop, Inc., No. 16-cv-09480, 2019 U.S. Dist. LEXIS 102715 at *9 (S.D.N.Y. Mar. 15, 2019), *report and recommendation adopted*, 2019 U.S. Dist. LEXIS 102546 (S.D.N.Y. June 19, 2019) (noting paralegal fee of $125 per hour is the "Southern District rate" (citation omitted)).

In light of the above, the Plaintiff Class respectfully requests a fee award for Litigation Assistant services as follows:

| Name | Rate | Hours | Total |
|---|---|---|---|
| Adetula, Ajoke (Agnew Decl. Ex. 1) | $125 | 93.75 | $11,718.75 |
| Curran, Molly (Agnew Decl. Ex. 8) | $125 | 292.34 | $36,542.50 |
| Dovlatyan, Sylvia (Agnew Decl. Ex. 10) | $125 | 157.65 | $19,706.25 |
| Fahey, Noel (Agnew Decl. Ex. 11) | $125 | 11.5 | $1,437.50 |

| | | | |
|---|---|---|---|
| Flood, Trudy<br>(Agnew Decl. Ex. 13) | $125 | 12.4 | $1,550.00 |
| Haas, Kathryn<br>(Agnew Decl. Ex. 19) | $125 | 162.9 | $20,362.50 |
| Marsh, Christie<br>(Agnew Decl. Ex. 26) | $125 | 205.79 | $25,723.75 |
| Melendez, Sydney<br>(Agnew Decl. Ex. 27) | $125 | 17.65 | $2,206.25 |
| Mevorach, Kai<br>(Agnew Decl. Ex. 28) | $125 | 25.66 | $3,207.50 |
| Montgomery, Geneva<br>(Agnew Decl. Ex. 29) | $125 | 61.2 | $7,650.00 |
| Pellegrini, Claire<br>(Agnew Decl. Ex. 37) | $125 | 19.7 | $2,462.50 |
| **Total For Litigation Assistant Hours** | | | **$132,567.50** |

### D. The Rate for Clerical Support Staff Compensation of $100 per Hour is Reasonable

The Plaintiff Class concedes that its undergraduate clerical support staff should not be compensated at $125 per hour, given their more tender years and less experience. Allen v. Koenigsmann, No. 19-cv-8173, Fees and Costs Application Decision of February 21, 2024 [dkt. no. 854] at 16:16-23. Nonetheless, they performed very integral tasks, including sorting medical records, completing data entry, and other essential work that would have been completed at litigation assistant rates if not for them. (Agnew Decl. ¶¶ 69, 74-75, 78, 83, 85-86, 88-89, 92-94, 96, 108, 110, 114-119.)

In light of the above, the Plaintiff Class respectfully requests a fee award for Clerical Support Staff services as follows:

| Name | Rate | Hours | Total |
|---|---|---|---|
| Aguilar, Hailey (Agnew Decl. Ex. 3) | $100 | 40 | $4,000.00 |
| Calello, Elizabeth (Agnew Decl. Ex. 4) | $100 | 19.5 | $1,950.00 |
| Cohn, Rebecca (Agnew Decl. Ex. 7) | $100 | 48.9 | $4,890.00 |
| Fine, Mikayla (Agnew Decl. Ex. 12) | $100 | 68 | $6,800.00 |
| Fredericksorf, Isabella (Agnew Decl. Ex. 14) | $100 | 17 | $1,700.00 |
| Gall, Ava (Agnew Decl. Ex. 15) | $100 | 23 | $2,300.00 |
| Goral, Kelly (Agnew Decl. Ex. 17) | $100 | 255.12 | $25,512.00 |
| Hass, Kathryn (Agnew Decl. Ex. 18) | $100 | 265.29 | $26,529.00 |
| Katz, Annie (Agnew Decl. Ex. 21) | $100 | 16 | $1,600.00 |
| Krajicek, Audrey (Agnew Decl. Ex. 22) | $100 | 25.2 | $2,520.00 |
| Lonigro, Stephanie (Agnew Decl. Ex. 23) | $100 | 29.5 | $2,950.00 |
| Marrero, Kayrie (Agnew Decl. Ex. 25) | $100 | 32 | $3,200.00 |
| Nicosia, Noelle (Agnew Decl. Ex. 34) | $100 | 7 | $700.00 |
| Pellechia, Carly (Agnew Decl. Ex. 36) | $100 | 11 | $1,100.00 |
| Romano, Fiona (Agnew Decl. Ex. 40) | $100 | 86.5 | $8,650.00 |

| | | | |
|---|---|---|---|
| Simon, Amanda (Agnew Decl. Ex. 41) | $100 | 7.2 | $720.00 |
| Sokol, Hailey (Agnew Decl. Ex. 42) | $100 | 16 | $1,600.00 |
| Vera, Karen (Agnew Decl. Ex. 43) | $100 | 10 | $1,000.00 |
| Wanamaker, Alice (Agnew Decl. Ex. 44) | $100 | 7 | $700.00 |
| Weinstein, Elena (Agnew Decl. Ex. 45) | $100 | 60 | $6,000.00 |
| **Total for Undergraduate Clerical Staff** | | | **$104,421.00** |

### E.  The Travel Time Is Reasonable

Although it is within a district court's discretion to compensate travel time at the full hourly rate, courts in the Second Circuit often reduce attorneys' fees for travel time by 50 percent." *See, e.g.,* Mister Sprout, Inc. v. Williams Farms Produce Sales, Inc., 881 F. Supp. 2d 48, at *7 (S.D.N.Y. 2012). Indeed, a 50 percent discount for travel time is the customary practice in this District. *See* Brig v. Port Auth. Trans Hudson, No. 12-cv-5371, 2014 U.S. Dist. LEXIS 42538, at *4 (S.D.N.Y. Mar. 28, 2014); Davis v. City of New York, No. 10-cv-699, 2011 U.S. Dist. LEXIS 120165, at *6 (S.D.N.Y. Oct. 18, 2011); LV v. N.Y. City. Dep't of Educ., 700 F. Supp. 2d 510, 524 (S.D.N.Y. 2010).

In light of the above, the Plaintiff Class respectfully requests a fee award for travel time by timekeeper as follows:

| Name | Rate | Hours | Total |
|---|---|---|---|
| Agnew, Amy Jane (Agnew Decl. Ex. 2) | $123.00 | 31.6 | $3,886.80 |

| Carendas, Diana (Agnew Decl. Ex. 5) | $62.50 | 5.85 | $365.62 |
|---|---|---|---|
| Getrajdman, Greg (Agnew Decl. Ex. 16) | $62.50 | 4.1 | $256.25 |
| Haas, Kathryn (Agnew Decl. Ex. 19) | $62.50 | 4 | $250.00 |
| Morrison, Joshua (Agnew Decl. Ex. 30) | $123.00 | 50.8 | $6,248.40 |
| **Total Travel Time:** | | | **$11,007.07** |

### F.  The Time Entries Comport With The Standards of the Second Circuit

In preparation of its fees application, the Plaintiff Class has been careful with timekeeping, including ensuring that they are not pervasive vague, block billed, duplicative or erroneous entries. (Agnew Decl. ¶¶ 62-66.)  Despite these efforts, there may be anomalies that the Plaintiff Class respectfully requests the Court contextualize within the total billing and activity history of the case. Bonnie & Co. Fashions. Inc. v. Bankers Trust Co., 970 F. Supp. 333, 342 (S.D.N.Y. 1997) ("where an attorney's time entries are vague, courts may attempt to decipher them by reference to the context in which these entries occur to determine what work was involved" (internal citation and quotation marks omitted)).   In Raniola v. Bratton, Judge Dollinger advised, "Although some of the entries are fairly general, terms such as "case preparation" or "meeting" by one attorney with another are sufficiently concrete, when viewed in context, to permit the court to make a judgement about the reasonableness of the total hours claimed."  Raniola v. Bratton, No. 96-cv-4482, 2003 U.S. Dist. LEXIS 7199 at *14-16 (S.D.N.Y. Apr. 18, 2003)(citing Tran v. Tran, 166 F. Supp.2d 793, 800 (S.D.N.Y. 2001); Bonnie & Co. Fashions, 970 F. Supp. at 342 ("Where an attorney's time entries are vague, courts may attempt to decipher them by reference to the context in which these entries occur to determine what work was involved") (internal citation and quotation marks

omitted); *See also*, <u>Tatum</u>, 2010 U.S. Dist. LEXIS 7748, at *23-25 (S.D.N.Y. Jan. 28, 2010); <u>Todaro v. Siegel Fenchel & Peddy, P.C.</u>, 697 F. Supp. 2d 395, 399 (E.D.N.Y. 2010)("On the whole, [the billing entries] sufficiently describe what attorneys did (*e.g.*, "Trial; draft closing - 13 hours"; "Attend Trial - 9 hours"; "Review & revise cross examinations; jury charge; review same - 7.5 hours").) The court is not required to assess each entry in isolation; rather, it may use its knowledge of the case and the demands that the issues posed by the case placed on the attorneys to judge whether counsel were wasting significant amounts of time or otherwise performing with less than reasonable efficiency. <u>Raniola</u>, 2003 U.S. Dist. LEXIS at *16 (*citing* <u>Algie v. RCA Global Communications, Inc.,</u> 891 F. Supp. 875, 894 (S.D.N.Y. 1994), *aff'd*, 60 F.3d 95 (2d Cir. 1995) (*citing* <u>Clarke v. Frank</u>, 960 F.2d 1146, 1153 (2d Cir. 1992))). Thus, "'it is not necessary to know the exact number of minutes spent nor the precise activity to which each hour was devoted nor the specific attainments of each attorney.'" <u>United States Football League,</u> 704 F. Supp. at 477 (*quoting* <u>City of Detroit v. Grinnell Corp.,</u> 495 F.2d 448, 473 (2d Cir. 1974)). Courts must look "at the big picture." <u>Burr v. Sobol</u>. 748 F. Supp. 97, 100 (S.D.N.Y. 1990). The Second Circuit has held unequivocally that block-billing is permissible "as long as the Court can determine the reasonableness of the work performed." <u>Adorno v. Port Authority of N.Y. & N.J.,</u> 685 F. Supp. 2d 507 (S.D.N.Y. 2010).

### III.    THE PLAINTIFF CLASS IS ENTITLED TO COSTS

The terms of the Modified Consent Decree also entitle the Law Office of Amy Jane Agnew, P.C. to the costs the Firm incurred in this suit. The printing charges are attributable to the need to print bates-stamped medical records for sorting and processing. The vast majority of expenses incurred in the case – for expert fees and deposition transcripts -- were absorbed by our Co-Counsel

at Wachtell, Lipton, Rosen & Katz. For its compensable costs, the Plaintiff Class requests $35,715.02 related to the follow expense categories:

| Expense Category | Total |
|---|---|
| Mail | $6,724.98 |
| Printing | $20,278.43 |
| PACER Charges | $125.20[1] |
| Service of Process | $318.55 |
| Depositions (Transcripts) | $876.89 |
| Medical Records/ Foil Records | $6,990.97 |
| Interpreters and Translations | $400.00 |
| **Total Expenses** | **$35,715.02** |

(See Agnew Decl. Exs. 46-57.)

## IV.     THE PRESUMPTIVELY REASONABLE LODESTAR IS NOT A WINDFALL

The presumptively reasonable lodestar is **$791,392.99.** The award seems large, but this is, of course, solely due to the Class Action nature of the proceeding and the tremendous amount of document review, discovery, and negotiations required to reach this comprehensive settlement and resolve this litigation. Nevertheless, the Second Circuit has cautioned that "attorney's fees are to be awarded with an eye to moderation, seeking to avoid either the reality or the appearance of awarding windfall fees." New York State Assoc. for Retarded Children v. Carey, 711 F.2d 1136,

---

[1] Generally, this Firm does not include PACER charges in any of its invoices or billing; however, in this instance, the charges were incurred by a law student doing research on Defendants' expert and the fees were recompensed to the student.

1139 (2d Cir. 1983) (citations and internal quotations omitted); <u>Farrar v. Hobby</u>, 506 U.S. 103, 115, 121 L. Ed. 2d 494, 113 S. Ct. 566 (1992).

With this caution in mind, Counsel was deliberately conservative in the billable hours requested and have not included the many hours of internal meetings between Law Office of Amy Jane Agnew, P.C. counsel and staff strategizing this litigation.  Only a few larger strategy meetings that included Class Co-Counsel at Wachtel, Lipton, Rosen and Katz are included in this application.  Counsel further omitted expense charges for the water testing conducted at Green Haven, including the expert fees which the Law Office of Amy Jane Agnew, P.C. agreed to fully absorb of $26,000.00.  We felt it was very important to the Class to confirm that the water at Green Haven met federal standards given the pervasive complaints of the Class.  It was money well spent as it has allowed us to assuage concerns.  The Firm is also not seeking compensation for in-house printing, copying, toner, and paper expenses incurred in this litigation, nor any other ancillary costs.

## V.     CONCLUSION

For the foregoing reasons, the Plaintiff Class respectfully requests an award of fees and costs in the amount of **$791,392.99.**

Respectfully submitted,

**LAW OFFICE OF AMY JANE AGNEW, P.C.**

By: ***/s/ AJ Agnew***
Amy Jane Agnew, Esq.
24 Fifth Avenue, Suite 1701
New York, New York 10011
(973) 600-1724
aj@ajagnew.com

16